**John E. KOTTEMANN and Arkay Enterprises, Inc., Plaintiffs-Appellants,**

v.

**GOODWAY, INC., d/b/a Discoscene, Inc., Defendants-Appellees.**

No. 30007.

United States Court of Appeals, Fifth Circuit.

March 16, 1971.

Rehearing Denied April 7, 1971.

Guion T. DeLoach, Miami, Fla., for plaintiffs-appellants.

Steven J. Rose, Kovner, Mannheimer, Greenfield & Cutler, P. A., Miami, Fla., for defendants-appellees.

Before TUTTLE, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

This is an appeal from a non-jury trial which resulted in a judgment for the defendants in a breach of contract action. The plaintiffs, responding to an advertisement, paid $17,000 for a franchising agreement, which authorized them to sell certain articles supplied by the defendants, the appellees here. There was some apparently loose estimating done by the defendants as to the possibilities of the venture. These possibilities never became an actuality, and the appellants sued for damages for a sum representing the amount named as possible profits for a five year period.

The trial court found there was no breach of contract, and entered a judgment for the defendants. There was no suggestion during the pleading stage, or at the trial, that the $17,000 represented liquidated damages and that it would amount to a penalty if the defendants were permitted to retain this sum, a point which is the basis of this appeal.

It is not disputed that there was some performance by both parties of their respective obligations. We find no error in the trial court's determination that there was no breach of contract by the defendants. The question whether the retention of the $17,000 payment was an improperly determined amount for liquidated damages or constituted a penalty was never raised during the trial. We cannot consider it here. The plaintiffs made no effort to prove what amount, if considered as liquidated damages, would be proper; nor were the defendants put on notice that they had the burden of proving the reasonableness of such amount, if the burden would have rested on them.

The judgment is affirmed.