**Larry PAYNE, Plaintiff-Appellant,**

**v.**

**Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 73–1336**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

July 5, 1973.

Hugh W. Thistlethwaite, Opelousas, La., for plaintiff-appellant.

Donald E. Walter, U. S. Atty., Shreveport, La., for defendant-appellee.

Before JOHN R. BROWN, Chief Judge, DYER and SIMPSON, Circuit Judges.

JOHN R. BROWN, Chief Judge:

This appeal tests the corectness of the administrative determination that claimant was not disabled on December 31, 1962, when his insured status under the disability provisions of the Social Security Act expired. In evaluating the application of June 9, 1970, the Secretary of Health, Education and Welfare determined that through December 31, 1962 the plaintiff had no impairment or impairments of sufficient significance to have prevented substantial gainful activity for a continuous period of at least one year. In an action brought under § 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g) the United States District Court for the Western District of Louisiana entered summary judgment in favor of the Secretary. We reverse.

The usual standard applied in these cases is that ". . . the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . .". Richardson v. Perales, 1971, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842; Hart v. Finch, 5 Cir., 1971, 440 F.2d 1340. The review by the Court is not a trial de novo and the function of the Court is not to reweigh the evidence or to substitute its judgment for that of the Secretary. The role of the Court is solely to determine if there is substantial evidence to support the Secretary's decision. Goodman v. Richardson, 5 Cir., 1971, 448 F.2d 388; Richardson v. Richardson, 5 Cir., 1970, 437 F.2d 109; Brown v. Finch, 5 Cir., 1970, 429 F.2d 80; Rome v. Finch, 5 Cir., 1969, 409 F.2d 1329. Resolution of conflicts in the evidence, including conflicting medical opinions and determinations of credibility are not for the courts; such functions are solely within the province of the Secretary. Grant v. Richardson, 5 Cir., 1971, 445 F.2d 656; Martin v. Finch, 5 Cir., 1969, 415 F.2d 793; Stillwell v. Cohen, 5 Cir., 1969, 411 F.2d 574; Hayes v. Celebrezze, 5 Cir., 1963, 311 F.2d 648; Page v. Celebrezze, 5 Cir., 1963, 311 F.2d 757.

Our review of the record in this case, the whole record, leaves us unable to conclude here that the Secretary's decision was so supported by substantial evidence. We are propelled to this conclusion in the main because of a conspicuous absence of credibility choices in existence during the decisional processes which finally culminated in the Secretary's decision. That the claimant was afflicted with severe rheumatoid arthritis and, as such, totally disabled at the time of the bringing of this action and thereafter is undisputed. Neither is it disputed, nor could it be, that claimant's arthritic condition was diagnosed on several occasions prior to the December 31, 1962 expiration of his insured status. Doctor Mims Mitchell, the Perales consultant at the hearing held on July 8, 1971, acknowledged a medical report prepared by Doctor Gremillion on April 6, 1961 which concluded that, at that time, claimant was totally disabled. The hearing examiner's consultant also alluded to a subsequent medical report prepared by Doctor DeBlanc, the claimant's personal physician, which asserted that claimant was treated for his arthritic condition prior to December 31, 1962. The temporal connexity between claimant's physical condition at the time of the 1971 hearing and his pre-1963 condition is weighted not insignificantly by additional undisputed, indeed indisputable, in-

terim treatments for arthritis. It was the admitted judgment of this consultant that the claimant's medical reports were more clinically compatible with progressive rheumatoid arthritis rather than gouty arthritis, as various clinicians had theretofore speculated. Additionally, Doctor Mitchell testified that, in his opinion, it would be correct to state that the rheumatoid arthritis dated back to 1961.

 It is our conclusion that the evidence adduced in claimant's favor was such that a reasonable mind might accept as adequate to support a conclusion. The same cannot be said for the conclusion actually arrived at by the Secretary. In arriving at this conclusion, we make not a credibility choice as none of claimant's evidence was refuted. Here the Perales consultant at the hearing on the merits went far toward proving claimant's case. The permissible inferences which must be drawn from these evidentiary facts, after confirmation by the consultant, were then apparently disregarded by the hearing examiner. For this reason, we cannot conclude that the decision of the hearing examiner as affirmed by the Secretary and the trial court, was supported by substantial evidence.

We would emphasize one thing very strongly. The issue was whether claimant was statutorily disabled as of December 31, 1962. The record shows that his condition had been diagnosed as rheumatoid arthritis and that he was disabled prior to that date. No medical evidence contradicts that and the medical consultant agreed, that in the light of consistent post-1962 medical reports this initial diagnosis of 1962 was correct and the condition was continuing. In attack-

ing the claim all the Secretary does is complain that at the time of the diagnosis, which has proved correct by time and consistent medical opinion, a number of tests had not yet objectively demonstrated its existence. But this is not required if, as was the case here, time and subsequent medical opinion confirms with no substantial question the accuracy of the pre-1962 opinion, its disabling and continuing character. This is one of the rare cases in which the administrative decision is not supported.[1] See Hart v. Finch, *supra*; cf. Kirkland v. Weinberger, 5 Cir., 1973, 480 F.2d 46.

Reversed and remanded.

---

1. By reversing and remanding we express no opinion as to the retroactivity of the disability insurance benefits. Our holding here is limited to our inability to conclude that the Secretary's decision that claimant was not disabled within the meaning of the Social Security Act at any time through December 31, 1962 was supported by substantial evidence.