**Malcolm M. GAULTNEY, Jr., Plaintiff-Appellant,**

v.

**Caspar WEINBERGER, Secretary of Health, Education & Welfare, Defendant-Appellee.**

**No. 74–1594.**

United States Court of Appeals, Fifth Circuit.

Dec. 30, 1974.

David A. Webster, Atlanta, Ga., Sidney L. Moore, Jr., Macon, Ga., for plaintiff-appellant.

William J. Schloth, U. S. Atty., Ronald T. Knight, H. Palmer Carr, Jr., Asst. U. S. Attys., Macon, Ga., Carl H. Harper, Harry F. McDonagh, Dept. of HEW, Atlanta, Ga., for defendant-appellee.

Before BROWN, Chief Judge and AINSWORTH and DYER, Circuit Judges.

DYER, Circuit Judge:

Malcolm M. Gaultney, Jr., suffers pain, but there are no clinically observable causes. He appeals the denial of Social Security disability benefits by the Secretary of Health, Education and Welfare. The district court granted the Secretary's motion for summary judgment. Gaultney asserts on this appeal that the Administrative Law Judge's finding of non-disability was not supported by substantial evidence and that he applied an improper legal standard. Gaultney urges that the decision be either reversed or remanded for the taking of further evidence. Confined, however, by the scope of our review, we affirm the district court's grant of summary judgment.

■ The Administrative Law Judge's findings, approved by the Appeals Council, became the Secretary's findings, and, as such, are conclusive if they are supported by substantial evidence. 42 U.S.C.A. § 405(g); Payne v. Weinberger, 5 Cir. 1973, 480 F.2d 1006; Williams v. Finch, 5 Cir. 1971, 440 F.2d 613. The role of the reviewing court is severely limited. Williams v. Finch, *supra*; Richardson v. Richardson, 5 Cir. 1970, 437 F.2d 109. We do not re-weigh the evidence; we simply determine whether there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 1970, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842. As we have previously suggested, determinations which are not supported by substantial evidence are unusual,

even rare. Payne v. Weinberger, *supra*, 480 F.2d at 1008; Williams v. Finch, *supra*, 440 F.2d at 615.

■ In this case, there is substantial evidence to support the Secretary's finding. Both the Administrative Law Judge and the district court summarized the evidence in some detail; we will not do so here. Basically, the finding of non-disability is supported by the testimony of several qualified experts: an orthopedic surgeon, a physician certified in rehabilitation, a psychiatrist, a neurologist also certified in psychiatry, and a vocational expert. The physician who served as medical advisor, Dr. Arthur M. Pruce, evaluated all the medical reports in this case and concluded from them that Gaultney's impairments did not meet nor equal in severity the list of impairments in the Social Security Regulations. 20 C.F.R. Appendix to Subpart P at 326 ff. Therefore, although there is conflicting evidence, and although we might have reached a different conclusion had we been the initial trier of fact, we hold that there is substantial evidence to support the Secretary's determination.

■ Gaultney next asserts that the Administrative Law Judge applied an improper legal standard in reaching his decision in that he failed to take into account the subjective testimony of Gaultney, his friends, and members of his family regarding the pain he suffers. If this claim were well founded, it would justify reversal or remand. Hayes v. Celebrezze, 5 Cir. 1963, 311 F.2d 648. It is well settled that pain alone can be disabling, even where its existence is unsupported by *"objective* medical, clinical or laboratory evidence." Prewitt v. Gardner, 5 Cir. 1968, 389 F.2d 993. Furthermore, we have often held that the judge *must* consider subjective evidence of pain as testified to both by the claimant and by other lay witnesses. DePaepe v. Richardson, 5 Cir. 1972, 464 F.2d 92, 94, 99–100; Hayes v. Celebrezze, *supra*. However, we have never suggested that the subjective evidence should take precedence

over conflicting objective medical testimony; nor have we ever held that all pain is disabling. The Ninth and Tenth Circuits have properly held that the inability to work without incurring some pain or discomfort is not necessarily disability. Mark v. Celebrezze, 9 Cir. 1965, 348 F.2d 289; Dvorak v. Celebrezze, 10 Cir. 1965, 345 F.2d 894. Therefore, the question of how much pain is disabling is for the Administrative Law Judge, whose task it is to resolve conflicts in the evidence. Richardson v. Perales, *supra*. Gaultney asserts that the Administrative Law Judge ignored the evidence of pain. However, we see no reason to question the Judge's statement that he

> . . . considered and weighed all of the demonstrative medical evidence, considered the diagnoses and expert medical opinions, weighed the testimony of the claimant as to his pain and discomfort on movement and activity, and the lay testimony from witnesses who testified at the hearing.

Further, the Judge acknowledges that "[i]t has been held that pain alone can be disabling." But he properly states that a claimant's assertion that he is disabled by his pain does not foreclose attack on his credibility. It is not necessarily inconsistent to find that a claimant suffers pain in fact, and yet is not so severely impaired as to meet the stringent test for disability imposed by the Act. This is precisely the finding of the Administrative Law Judge, which we now affirm.

Gaultney's last argument is that the case should be remanded for the taking of further evidence on the question of the possible psychiatric disorder which may account for his pain. He relies on Kerner v. Flemming, 2 Cir. 1960, 283 F. 2d 916, in which the court exercised its power to remand under § 205(g) of the Act (42 U.S.C.A. § 405(g)) for the taking of further evidence on the question of the claimant's inability to engage in any substantial gainful activity. In that case, however, the claimant was not represented by counsel, and the evidence on employability was "exceedingly unsatisfactory," such that the court considered that there was no substantial evidence to enable the Secretary to make a reasonable determination as to employability. *See also* Byrd v. Richardson, D.S.C. 1973, 362 F.Supp. 957; Roman v. Secretary of Health, Education and Welfare, D.P.R.1972, 355 F.Supp. 646.

▇▇▇▇ In this case, on the other hand, Gaultney was at all times represented by counsel. The judge held three hearings, heard the testimony of numerous witnesses, and read the written reports of others. The burden of proving disability is clearly upon the claimant. Kirkland v. Weinberger, 5 Cir. 1973, 480 F.2d 46; DePaepe v. Richardson, *supra*. The fact that there may, on unusual occasions, be "good cause" for remand does not relieve the claimant of this burden. Here, Gaultney originally claimed that a back injury was responsible for his pain. The medical evidence, though not unanimous on the point, did not establish that fact. Gaultney then turned to a psychiatric theory, but brought forward no psychiatric evidence of his own. Indeed, the Board-certified psychiatrist, Dr. Merton B. Berger, who did examine Gaultney, reported that there were no emotional components to his pain, and that he feels as much pain when he is at home worrying as when he is out having a good time. The psychiatrist could find no signs to indicate either mental or emotional disturbance which would cause or aggravate Gaultney's symptoms.

▇▇▇▇ There may be, as Gaultney argues, a gap in the evidence as to the possible emotional source of his pain. If there is such a gap, however, it is to be laid at the door of him who bore the burden of proof, Gaultney himself. There was no duty on the Administrative Law Judge to explore further the psychiatric theory. Furthermore, as we have already stated, the Administrative Law Judge did *not* find that Gaultney was not in pain; he found that he was

not disabled within the meaning of the Act. Whether the pain is organic or psychiatric in origin would therefore be immaterial.

Affirmed.