Sam **WILSON**

v.

Joseph A. **CALIFANO, Secretary of Health, Education and Welfare of the United States.**

No. CA 3–77–0190–C.

United States District Court,
N. D. Texas,
Dallas Division.

July 14, 1978.

Mike Aranson, Dallas, Tex., for plaintiff.

Kenneth J. Mighell, U. S. Atty., Charles D. Cabaniss, Asst. U. S. Atty., Dallas, Tex., for defendant.

## MEMORANDUM OPINION

WILLIAM M. TAYLOR, Jr., District Judge.

Plaintiff has appealed from a decision of the Secretary of Health, Education and Welfare of the United States which denied him disability insurance benefits under the provisions of 42 U.S.C. §§ 416(i) and 423. The Court finds that Plaintiff is a resident of this District and that he has exhausted his administrative procedures and filed this appeal timely. Therefore, the Court concludes that it has jurisdiction over the parties and the controversy at hand.

The Court finds that there is substantial evidence to support the decision of the Secretary and concludes that his decision must be affirmed.[1]

Plaintiff has contended that he is disabled because of high blood pressure, back trouble and heart trouble.

Plaintiff's medical records do show that he did suffer a heart attack in 1960 but that there was no residual damage from that incident. He has had a history since that time of hypertension. The record also shows two things. First, that Plaintiff has periodically let his prescription for medicine to control his blood pressure run out. This has caused it to zoom upwards, requiring his hospitalization. Second, that a critical factor as to his hypertension is his obesity.

Plaintiff has had several electrocardiograms in the past few years during his hospital stays. In each case, the physicians have concluded that they were normal and that there was no evidence of heart disease. Also, in each instance, the diagnosis was hypertension and obesity. He has been twice offered a hospital admittance for the purposes of the administration of a starvation diet in order to bring his weight down, which in turn would greatly help his hypertension. But Plaintiff has not availed himself of this remedy.

1. 42 U.S.C. § 405(g).

It is elementary that if a plaintiff's hypertension would be alleviated by a weight reduction, he or she is not disabled.[2]

Plaintiff's back trouble has been diagnosed as a lumbar strain, brought about by his obesity. So the same rule would apply as to this impairment.

Plaintiff has brought forward no medical evidence to substantiate his claim of disability.[3] It appears that his complete medical history was before the Secretary and that it is consistent. It is significant that the last physician to examine Plaintiff stated in conclusion that even in his present condition, Plaintiff is capable of a normal six to eight hour workday without excessive bending or stooping or without lifting of heavy weights.

■ Plaintiff has moved to remand to the Secretary but has not shown good cause.[4] That Plaintiff was without counsel at his hearing is without moment.[5] Plaintiff has not shown any prejudice because of the lack of counsel. He has not come forth with any additional evidence that could change the decision of the Secretary.[6] Indeed, it would be hard to imagine such evidence in the face of the consistent medical history that was presented to the Secretary.

Therefore, Plaintiff's Motion for Remand or for Summary Judgment will be denied, and the Secretary's Motion for Summary Judgment will be granted. Defendant's attorney is requested to submit appropriate form of judgment.

2. *Workman v. Celebrezze*, 360 F.2d 877 (7th Cir., 1966).

3. 42 U.S.C. § 423(d)(3).

4. 42 U.S.C. § 405(g).

5. *Green v. Weinberger*, 500 F.2d 203 (5th Cir., 1974).

6. *Lucas v. Finch*, 322 F.Supp. 1209 (S.D.W.Va., 1970, affirmed sub nom. *Lucas v. Gardner*, 453 F.2d 1255 (4th Cir., 1972).