Jobie L. CHANEY, Plaintiff-Appellant,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 78–2142
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 31, 1979.

Richard L. Ray, Clyde Elliott, Jr., Canton, Tex., for plaintiff-appellant.

John H. Hannah, Jr., U. S. Atty., C. Houston Abel, Asst. U. S. Atty., Tyler, Tex., John M. Stokes, Regional Counsel, Paula Mastropieri-Billingsley, Asst. Counsel, Dept. of HEW, Dallas, Tex., for defendant-appellee.

Before BROWN, Chief Judge, COLEMAN and VANCE, Circuit Judges.

PER CURIAM:

This is an appeal from the District Court's order of summary judgment in favor of the Secretary of Health, Education and Welfare, who had denied claimant Chaney's application for disability benefits under § 1611 of the Social Security Act (the Act), 42 U.S.C.A. § 1382. We conclude that the District Court properly decided that

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

there was substantial evidence to support the Secretary's finding of no disability. Therefore, the judgment of the District Court must be affirmed.

## I.

In January 1974, claimant Chaney applied for supplemental security benefits under § 1611 of the Act, on the grounds that he was disabled due to emphysema, back trouble, and arthritis. A hearing on his claim was held before a Hearing Examiner in May 1975.[1] Basing his decision on claimant's medical records,[2] the reports of two physicians who had examined Chaney at the request of the Social Security Administration, and the testimony of a vocational expert, the Hearing Examiner determined that although Chaney suffered from some degenerative arthritis that prevented him from repeatedly lifting heavy objects, stooping, and standing and walking for a six to eight hour day, Chaney was otherwise able to function in a normal manner. The Hearing Examiner also found that, while Chaney could not return to his regular occupation as a mechanic, he did have the ability to perform other jobs such as those described by the vocational expert.[3] Accordingly, the Hearing Examiner concluded that Chaney was not disabled within the meaning of § 1614 of the Act.[4]

Section 1614(a)(3) of the Act, 42 U.S.C.A. § 1382c(a)(3), sets forth a two-part test for determining "disability" under the Act. First, there must be a "medically determinable physical or mental impairment which can be expected to result in death or which

has lasted or can be expected to last for a continuous period of not less than twelve months  . . .." 42 U.S.C.A. § 1382c(a)(3)(A). Second, this impairment must be so severe that the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* § 1382c(a)(3)(B).

■ On judicial review of final decisions regarding disability, the findings of the Secretary must be upheld if they are supported by substantial evidence. *Id.* § 1383(c)(3). Thus, our scope of review is severely limited. We do not weigh the evidence anew or substitute our judgment for that of the Secretary. *Payne v. Weinberger,* 5 Cir., 1973, 480 F.2d 1006; *Williams v. Finch,* 5 Cir., 1971, 440 F.2d 613. Instead, we simply determine whether there is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Gaultney v. Weinberger,* 5 Cir., 1974, 505 F.2d 943, 945, *quoting Richardson v. Perales,* 1970, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842.

■ Applying this standard of review to the case before us, we conclude that the Secretary's findings both as to the extent of Chaney's physical impairment and as to his work prospects must be upheld.

---

**1.** A prior hearing had been held in November 1974, at which time Chaney was found to be disabled. This finding was subsequently vacated by the Appeals Council of the Social Security Administration. Acting on its own motion, the Appeals Council remanded the case to the Hearing Examiner for supplemental hearings to obtain, *inter alia,* additional evidence and expert testimony regarding the types of work that claimant might be able to perform. R., vol. II, at 43. The May 1975 hearing, from which this appeal was brought, was the hearing on remand.

**2.** The records included reports from Veterans' Administration Hospitals in Dallas and Bonham, Texas, where Chaney had received inter-

mittent treatment, both hospitalization and outpatient care, from about 1957 through 1970.

**3.** These jobs included such activities as bench assembler and telephone operator. The vocational expert testified, and the Hearing Examiner found, that these jobs existed in significant numbers both in the national economy and in the area where claimant resided.

**4.** The finding of the Hearing Examiner was upheld by the Appeals Council of the Social Security Administration and thereby became the final decision of the Secretary of Health, Education and Welfare. *Langford v. Flemming,* 5 Cir., 1960, 276 F.2d 215.

The physicians' reports, the most recent medical evaluations of Chaney to be submitted at the hearings, provide ample support for the Hearing Examiner's finding that Chaney was capable of performing light, sedentary work. The first physician to examine Chaney specifically indicated that Chaney was capable of sitting for eight hours a day, could reach and grasp, and could frequently lift up to 25 pounds. R., vol. II, at 161. A similar evaluation was made by the second doctor to examine Chaney, the orthopedic surgeon. Although he stated that Chaney's arthritic condition left him "medically impaired," the doctor nevertheless made the following finding:

> [Chaney] is well nourished, well developed and alert. Examination of his back reveals a free range of motion without pain. Lateral bending and rotary motion is normal. There is no leg length discrepancy. There is no atrophy of the thighs or calves. There is a negative neurological examination. There is some direct pain over the lower lumbar area, but is otherwise okay.

*Id.* at 176.

Chaney, however, contends that the Hearing Examiner ignored his complaints that he suffered pain, a condition that may itself be grounds for disability. *Prewitt v. Gardner*, 5 Cir., 1968, 389 F.2d 993. We disagree. The record shows that the Hearing Examiner considered *all* the evidence (R., vol. II, at 35), and indeed he specifically addressed the question of Chaney's sufferings:

> It is well known that pain is a subjective symptom that is not measurable, and it is recognized that there are many disorders in which the common symbol—pain—is constant, unremitting, and wholly unresponsive to therapeutic measures. Generally, when an individual has suffered severe pain for a long time, there are observable signs, such as drawn features,

expressions of long suffering, significant weight loss, and poor overall health. In the instant case, there are no such significant signs or circumstances. The claimant has no evidence of muscle atrophy, has maintained good weight for his height, and has the outward appearance of good health.

*Id.* at 36–37. Thus, the record clearly shows that the Hearing Examiner did not ignore Chaney's allegations of pain but rather determined that this evidence of impairment was outweighed by other evidence tending to show non-impairment. *Cf. Gaultney v. Weinberger*, 505 F.2d at 945–46.

■ There is also substantial evidence to support the Hearing Examiner's finding that there were jobs available that claimant could perform. The testimony of the vocational expert, based on her evaluation of the entire record (R., vol. II, at 109) provides sufficient evidence that there were jobs that Chaney could perform even though he suffered those physical afflictions found by the Hearing Examiner.[5]

We by no means make light of claimant's ailments, for it is clear that he suffers some disability. We are convinced, however, that there is substantial evidence to support a finding that claimant did not suffer the sort of "disability" for which benefits are available under the Social Security Act. Accordingly, the judgment in favor of the Secretary must be affirmed.

AFFIRMED.

---

5. Chaney objects to the questions asked the expert on the grounds that they were hypothetical and assumed facts not in evidence. This claim is without merit. The Hearing Examiner posed alternative findings of physical impairment, one of which exactly paralleled the Hearing Examiner's ultimate determination, and asked the expert what Chaney's work prospects would be under each hypothetical. Each hypothetical was based on testimony or evidence in the record, and we conclude that there was no error in this form of questioning.