Charlie B. J. NEWBORN, Plaintiff-Appellant,

v.

Patricia Roberts HARRIS, Secretary of Health, Education, and Welfare, Social Security Administration, Defendant-Appellee.

No. 79–1761
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 10, 1979.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

George G. Phillips, Pensacola, Fla., for plaintiff-appellant.

Thomas R. Santurri, Asst. U. S. Atty., Pensacola, Fla., for defendant-appellee.

Before AINSWORTH, GODBOLD and VANCE, Circuit Judges.

AINSWORTH, Circuit Judge:

Appellant Charlie B. J. Newborn commenced this action under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), in order to obtain judicial review of the Secretary of Health, Education, and Welfare's decision rejecting his claim for disability benefits. Both parties submitted memoranda in support of their respective positions to a magistrate who entered a report recommending that the Secretary's decision be upheld. The district court, by order dated January 29, 1979, adopted the report of the magistrate. Appellant appeals from that order. The determinative issue on this appeal is whether the Secretary's decision was supported by substantial evidence. Finding such evidence did exist, we affirm.

Appellant's alleged disability stems from an automobile accident in August 1970. Appellant recovered sufficiently to enable him to return to work, although he continued to be treated for headaches during this period of employment. Appellant was gainfully employed for approximately four years with the Singer Company as a salesman before being terminated in November 1974. After that time, appellant repaired sewing machines in his home until October 1975, but has not worked since that date.

Appellant filed an application for disability benefits on August 9, 1977, alleging that he became disabled as of May 19, 1975.[1] The application was denied initially and that position was sustained on reconsideration by the Social Security Administration. In November 1977, the appellant requested a hearing and on January 30, 1978, an administrative law judge found against the appellant. This position was approved by the Appeals Council on May 22, 1978, thus becoming the final decision of the Secretary.

The scope of judicial review in disability cases is narrow, and limited to determining whether the decision of the Secretary is supported by substantial evidence. *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Chaney v. Califano,* 5 Cir., 1979, 588 F.2d 958. The function of the reviewing court is simply to determine whether there exists "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales, supra,* 402 U.S. at 401, 91 S.Ct. at 1427 (1971), *quoting Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938).

It is clear that the appellant suffers from numerous ailments, including repeated

---

1. Appellant previously had filed an application for disability benefits on August 1, 1975, alleging a disability for essentially the same reasons forwarded in the present action from a date beginning on May 19, 1975. This earlier application was denied and the appellant failed to take an appeal from the final administrative decision. Appellee argues that this earlier application should act as *res judicata* in the present action since the same date for disability is alleged and no new or material allegations have been made. *See Easley v. Finch,* 4 Cir., 1970, 431 F.2d 1351. In light of our determination that the record in the present case supports the Secretary's decision, we need not consider the *res judicata* effects of the earlier application.

and occasionally severe headaches, chest pains, and back pains. But the mere existence of pain is not an automatic grounds for proving disability. *Gaultney v. Weinberger,* 5 Cir., 1974, 505 F.2d 943. As with other factual determinations in this area, the question whether the applicant is able to work despite some resulting pain is within the province of the administrative agency and is to be upheld if supported by substantial evidence. *Gaultney, supra.*

With respect to each ailment alleged, substantial evidence exists in the record sufficient to uphold the Secretary's determination. First, there is evidence that the headaches were not so serious as to constitute a debilitating illness. On August 8, 1975, Dr. Jones, who had treated the appellant several times since the accident, reported that the appellant was doing "reasonably well" with the headaches. The doctor concluded that he knew of "no neurological reason why gainful employment cannot be pursued." (T. 94) Second, appellant's complaint of chest pains, which he attributes to heart trouble, is refuted by the report of Dr. Riley dated August 2, 1977. According to Dr. Riley, a graded exercise examination indicated no evidence of ischemic changes or other heart problems. (T. 190) Another report by Dr. Thames, dated September 6, 1977, indicated chest pains, but noted that the pains were not typical of angina, a common heart ailment. Finally, appellant's assertion of debilitating back pains is refuted by statements contained in the same report by Dr. Thames mentioned above. Dr. Thames reported that there existed some stiffness and soreness in the lumbar spine, but that no loss of range or of motion of the joints was present. (T. 205)

Given the above evidence, the Secretary was warranted in finding that no disability as defined under the law existed. As a result, we affirm the district court order.

AFFIRMED.