Mrs. Lois M. BOWMAN

v.

Joseph CALIFANO, Secretary of Health, Education and Welfare.

Civ. A. No. 79–291–B.

United States District Court, M. D. Louisiana.

Jan. 7, 1980.

Doris Falkenheiner, Baton Rouge, La., for plaintiff.

Shelly C. Zwick, Asst. U. S. Atty., Baton Rouge, La., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JOHN V. PARKER, District Judge.

Plaintiff, Mrs. Lois M. Bowman, is seeking disability insurance benefits, under 42 U.S.C. § 401, et seq., for a period of disability commencing on January 8, 1976. This case is now before the Court on cross motions for summary judgment and has been submitted on the administrative record and briefs of the plaintiff and the defendant.

Claimant is a 59-year-old woman who has an eleventh grade education. She had worked as a cook in a school cafeteria for twenty years prior to January of 1976.

Claimant first applied for disability benefits on February 26, 1976. (Tr. 46–49) Her claim was denied initially, on reconsideration (Tr. 50–57) and later by an Administrative Law Judge on February 28, 1977 (Tr. 84–88). The Appeals Council denied her request for review on April 27, 1977 (Tr. 91), and claimant did not further pursue this application.

Mrs. Bowman filed her second application on September 28, 1977, which was denied initially (Tr. 96–97), and she did not further pursue this application.

Mrs. Bowman filed her third and current application on February 24, 1978. (Tr. 98–101) She alleges that she became unable to work on January 8, 1976, because of hypertension, obesity and diverticulitis. This application was denied initially and on reconsideration. (Tr. 102–104) Claimant requested a hearing before an Administrative Law Judge which was held on October 25, 1978. The Administrative Law Judge considered her claim de novo. She was represented by a paralegal. The Administrative Law Judge denied Mrs. Bowman's claims in his decision dated January 16, 1979. (Tr. 10–16)

The Appeals Council denied plaintiff's request for review of the Administrative Law Judge's decision, thereby making it the final determination of the Secretary. (Tr. 4–5) Mrs. Bowman has timely filed this appeal requesting the Court to reverse the Secretary's decision or, in the alternative, to

remand the case to the Secretary. The gist of Mrs. Bowman's motion for summary judgment is that the Administrative Law Judge breached his duty to fully inquire into plaintiff's mental impairments and to order a government-paid-for psychiatric examination. Claimant also contends that the Administrative Law Judge did not consider the cumulative effect of claimant's various ailments. The Secretary, on the other hand, argues that the only issue is whether the Secretary's decision is supported by substantial evidence. The Secretary contends that there is substantial evidence in the administrative record to support his decision and that the case should not be remanded since the claimant has failed to show "good cause."

## I. Jurisdiction

This Court has jurisdiction over Mrs. Bowman's claims pursuant to 42 U.S.C. § 405(g), which provides:

"Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. . . ."

This suit was timely filed on June 5, 1979, for the Appeals Council denied claimant's request for review of the Administrative Law Judge's decision on April 5, 1979. (See Tr. 4)

## II. Substantial Evidence Rule

In proceedings to review denials of disability benefits, district courts are circumscribed both by the reach of statutes regarding "disability" and as to the scope of review of agency action, *Reyes Robles v. Finch,* 409 F.2d 84 (1st Cir. 1969).

Title 42 U.S.C. § 423(d) sets forth a two-part test for determining "disability" under the Act:

(1) There must be a "medically determinable physical or mental impairment which can be expected to result in

death or which has lasted or can be expected to last for a continuous period of not less than 12 months." (Section 423[d][1][A])

(2) This impairment must be so severe that the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." (Section 423[d][2][A])

The scope of judicial review of findings of the Secretary is limited by statute and the jurisprudence. Title 42 U.S.C. § 405 states, *inter alia,* "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." Under the substantial evidence test as developed by the courts, the district court is simply to determine whether there is such relevant evidence, considering the entire record, as a reasonable mind might accept as adequate to support the Secretary's findings, *Chaney v. Califano,* 588 F.2d 958 (5th Cir. 1979). District courts may not weigh the evidence anew or substitute their judgment for that of the Secretary, *Chaney, supra.*

The claimant has the burden of proving her "disability," *Demandre v. Califano,* 591 F.2d 1088 (5th Cir. 1979). The Fifth Circuit has recently remarked:

"Moreover, the claimant shoulders a weighty burden of establishing the existence of a disability within the meaning of the Act. . . . As a consequence of these limitations, the court will rarely overturn the decision of the Secretary even if we would have decided the case differently had we been the trier of fact. . . . Notwithstanding its circumscribed function, it is imperative that the court scrutinize the record in its entirety to determine the reasonableness of the decision reached. . . . Furthermore,

'the claimant's burden [of proof] is not insuperable.' . . ." (*Simmons v. Harris,* 602 F.2d 1233, 1235–1236 [5th Cir. 1979])

III. Summary of the Record

The transcript includes the following evidence relating to plaintiff's ailments:

Hospital records:

(1) Claimant had an appendectomy and hysterectomy in 1957. (Tr. 182)

(2) Claimant was admitted on May 13, 1966, to Baton Rouge General Hospital because of abdominal cramping pains with vomiting. Surgery was done on May 14, 1966, and she improved. (Tr. 131–132)

(3) On February 28, 1970, she was readmitted because of nausea, vomiting and generalized colicky type pain. Surgery was again done, and claimant tolerated this procedure well. (Tr. 166)

(4) On October 21, 1973, claimant was admitted for the excision of a breast tumor. (Tr. 159) The pathology report indicated that the tumor was benign. (Tr. 160)

(5) On August 15, 1974, claimant was admitted for abdominal pain and nausea. She was observed for several days and recovered while in the hospital. (Tr. 74) She was diagnosed as having partial intestinal obstruction, probably due to adhesions. (Tr. 163)

(6) On December 19, 1975, claimant was again admitted with chief complaints of nausea, vomiting and abdominal pain. She was diagnosed as having abdominal pain, cause undetermined, and moderate anemia, normocytic normochromic, etiology undetermined. (Tr. 179–181, 137)

(7) On May 11, 1977, claimant was readmitted because of partial intestinal obstruction. No surgery was required. (Tr. 175) She was diagnosed as having partial intestinal obstruction, etiology undetermined, probably related to adhesions; diverticulosis; and diverticulitis. (Tr. 136)

Medical Reports:

(1) May 11, 1976, medical report by Dr. Radzikowski. His impression was that of hypertension, diverticulosis versus diverticulitis, post-operative obstructions secondary to adhesive bands, osteoarthritis, borderline diabetes, bilateral carotid bruits. (Tr. 76–81)

(2) January 20, 1977, letter of Dr. David Kahn which states that Mrs. Bowman is totally disabled because of her diverticulitis. (Tr. 83)

(3) July 22, 1977, medical report from the Baton Rouge Clinic consisting of two x-ray reports, a blood study, and an electrocardiogram. The x-ray report dated July 22, 1977, shows normal function of the gallbladder with no calculi; blood study shows readings essentially within normal limits except for total protein which is shown at the upper limits of normal; and an electrocardiogram was within normal limits. (Tr. 142–146)

(4) November 15, 1977, report of Dr. Kahn. Claimant was found to be obese and was diagnosed with diverticulitis. (Tr. 138)

(5) February 24, 1978, medical report by Dr. Roger Reynolds, supported by Baton Rouge Clinic data at Tr. 142–147. Dr. Reynolds states:

"As for the diverticulitis, this is apparently a clinical diagnosis which cannot be supported. This was apparently made when the patient was admitted to the hospital with intestinal obstruction. At the time of surgery some years ago she was found to have adhesions and not diverticulitis. This past year she was admitted to the hospital again with symptoms of intestinal obstruction which resolved quickly without surgery. A follow-up barium enema failed to reveal any evidence of diverticulitis or diverticulosis. . . ." (Tr. 147)

(6) May 17, 1978, medical report by Dr. Kahn. Dr. Kahn agrees with Dr.

Reynolds in general and says that he has nothing significant to add "except to say that in the past she had been debilitated by her diverticulitis. Dr. McCool operated on her and generally took care of this condition." (Tr. 158)

Miscellaneous:

(1) Dr. Kahn filled out an insurance form which indicated that plaintiff was unable to work. (Tr. 186)

(2) At the hearing, claimant testified that she thinks that the medicine she takes for high blood pressure helps. She stated that she takes medicine for nerves, ulcer, heart trouble and to keep her bowels open, as well as sleeping pills. She complained of arthritis in her hips. She also complained of stomach pains.

IV. Discussion

■ There is substantial evidence in the record to support the Secretary's denial of disability benefits based on hypertension and obesity. Plaintiff's hypertension is controlled by medication and is not disabling, *Knox v. Finch,* 427 F.2d 919 (5th Cir. 1970); *Laffoon v Califano,* 558 F.2d 253 (5th Cir. 1977). Her obese condition is remediable and not disabling, *Wilson v. Califano,* 453 F.Supp. 79 (N.D.Tex.1978); *Stillwell v. Cohen,* 411 F.2d 574 (5th Cir. 1969). Furthermore, while the Administrative Law Judge found claimant to be "somewhat obese," he felt that this did not prevent ordinary activity." (Tr. 15)

■ There is substantial evidence in the record to support the Administrative Law Judge's decision that the plaintiff did not have diverticulitis but rather adhesions from past surgery (see February 24, 1979, medical report). Furthermore, where an impairment causes periods of confinement and recuperation which are less than twelve months in duration, plaintiff may not be considered disabled. See *Schaffer v. Califano,* 433 F.Supp. 1218 (D.Md.1977); *Hemphill v. Weinberger,* 483 F.2d 1137 (5th Cir. 1973).

■ Claimant has failed to show that her arthritis is such that she cannot engage in substantial gainful activity, 42 U.S.C. § 423(d)(3). The only medical evidence of her arthritis is contained in a medical report by Dr. Radzikowski dated May 11, 1976 (Tr. 76). This report fails to describe the limitations imposed by the arthritis, and, absent any medical evidence of significant limitations on plaintiff's mobility, the plaintiff's arthritic condition should not be considered disabling under the Act.

■ The Administrative Law Judge did not expressly discuss claimant's subjective complaints of pain in his evaluation of the evidence (Tr. 14–15). The claimant's testimony at the hearing held on October 25, 1978, included a statement about pain:

"... And you know, sometimes I feel pretty good, sometimes I don't. And most of the time I don't. I have pains all the times, they shoot through my stomach." (Tr. 34)

In *Rhynes v. Califano,* 586 F.2d 388 (5th Cir. 1978), rehearing denied, 589 F.2d 1114, the Fifth Circuit held that the burden remains with the claimant to demonstrate that pain is disabling. In that case, the Administrative Law Judge considered appellant's claim of disabling pain but concluded after a careful review of the evidence that Rhynes had failed to carry the burden of showing that her pain was disabling.

In *Gaultney v. Weinberger,* 505 F.2d 943 (5th Cir. 1974), Gaultney asserted that the Administrative Law Judge failed to take into account the subjective testimony of Gaultney, his friends and members of his family regarding the pain he suffered. The Fifth Circuit stated:

"If this claim were well founded, it would justify reversal or remand. . . . It is well settled that pain alone can be disabling, even where its existence is unsupported by '*objective* medical, clinical or laboratory evidence.' . . . Furthermore, we have often held that the judge *must* consider subjective evidence of pain as testified to both by the claimant and by other lay witnesses." (505 F.2d at 945)

The Court additionally stated:

"However, we have never suggested that the subjective evidence should take

precedence over conflicting objective medical testimony; nor have we ever held that all pain is disabling. . . . Therefore, the question of how much pain is disabling is for the Administrative Law Judge, whose task it is to resolve conflicts in the evidence. . . . Gaultney asserts that the Administrative Law Judge ignored the evidence of pain. However, we see no reason to question the Judge's statement that he

. . . considered and weighed all of the demonstrative medical evidence, considered the diagnoses and expert medical opinions, weighed the testimony of the claimant as to his pain and discomfort on movement and activity, and the lay testimony from witnesses who testified at the hearing.

Further, the Judge acknowledges that '[i]t has been held that pain alone can be disabling.' But he properly states that a claimant's assertion that he is disabled by his pain does not foreclose attack on his credibility. It is not necessary inconsistent to find that a claimant suffers pain in fact, and yet is not so severely impaired as to meet the stringent test for disability imposed by the Act. This is precisely the finding of the Administrative Law Judge, which we now affirm." (505 F.2d at 945–946)

In *Laffoon v. Califano, supra,* the Court held that the Administrative Law Judge must give consideration to subjective evidence of pain and disability. In that case, while the Administrative Law Judge failed to discuss in his opinion the subjective evidence concerning Mrs. Laffoon's pain, consideration of that evidence was apparent in his post-hearing request for medical examination of the claimant directed at investigating its precise source. "Those examinations were conducted and the results considered by the Administrative Law Judge, along with the other evidence." (558 F.2d at 255)

Thus, the Fifth Circuit has made it clear that subjective evidence of pain must be considered by the Administrative Law Judge in his evaluation of claims of disabling pain. The Fifth Circuit has not re-quired express discussion of this in the opinion, however, where there is evidence in the record that the Administrative Law Judge did, in fact, consider such subjective evidence. The Administrative Law Judge here did not expressly consider Mrs. Bowman's complaint of pain, and there is no other evidence in the record showing that the Administrative Law Judge did, in fact, consider her statement relative to pain. However, Mrs. Bowman's own testimony does not indicate whether her pain is "disabling," i. e. so severe that she is precluded from substantial gainful activity. No contention is made here that her subjective symptoms of pain are so severe as to amount to "disability" under the Act and the claimant's statement quoted above does not support such a finding. *Gaultney* and the other cases are therefore inapposite here. In *Laffoon, supra,* the claimant alleged disability due to chest pains among various other ailments. In *Rhynes, supra,* the claimant claimed that her pain was disabling, but the Fifth Circuit found that she had failed to carry the burden of showing that her pain was disabling. In *Gaultney, supra,* the claimant expressly asserted that the Administrative Law Judge had erred in failing to consider subjective evidence of pain.

For the reasons given above, the Secretary's decision to deny Mrs. Bowman disability insurance benefits based on her physical state is supported by substantial evidence. However, plaintiff argues that the Secretary should be reversed or the case remanded in light of the following:

(1) The Administrative Law Judge breached his legal duty to fully inquire into essential facts relating to plaintiff's *mental impairments* and order a psychiatric examination at government expense.

(2) The Secretary failed to consider the cumulative effects of plaintiff's multiple mental and physical impairments.

A. The Administrative Law Judge's Duty to Develop Evidence as to Claimant's Mental Impairments

Claimant contends that in light of the following evidence as to plaintiff's men-

tal condition the Administrative Law Judge was required by regulations to develop more evidence as to plaintiff's mental condition and to order a psychiatric examination of the plaintiff at government expense:

(1) Claimant's testimony at the hearing held on October 25, 1978, which revealed:

(a) Plaintiff takes medicine for her nerves. (Tr. 27)

(b) She has a sleeping problem. (Tr. 28)

(c) She takes a nerve pill in the morning and another at night. (Tr. 31)

(d) She has to take a sleeping pill. (Tr. 31)

(e) She takes nerve medicine three times a day. (Tr. 31)

(f) The medicine makes her drowsy. (Tr. 31)

(g) Plaintiff is an extremely nervous person. (Tr. 34)

(h) She gets upset very easily. (Tr. 34)

(i) She avoids crowds. (Tr. 34)

(2) In her request for a rehearing when her first application for benefits was denied, claimant stated that her doctor told her that she should not return to work, as any stress or strenuous work makes her condition worse. (Tr. 52)

(3) In a statement in support of her first claim, she declared that "nerves" was an illness, among others, and that "nerves," high blood pressure, et cetera, were the reasons for her visits to the doctor. (Tr. 66–67)

(4) In a report made at the time she requested a second hearing, plaintiff complained of being nervous. (Tr. 106)

Furthermore, claimant contends that the paralegal who represented her before the Administrative Law Judge failed to represent claimant adequately. The paralegal did not make a motion to have plaintiff examined at government expense to determine the extent of plaintiff's mental impairments. Plaintiff also contends that the paralegal failed to develop testimony as to plaintiff's mental impairment and the ef-fect of the combination of her physical and mental impairments.

20 C.F.R. § 404.927 provides, *inter alia:*

"Hearings shall be open to the parties and to such other persons as the presiding officer deems necessary and proper. The presiding officer shall inquire fully into the matters at issue and shall receive in evidence the testimony of witnesses and any documents which are relevant and material to such matters. If the presiding officer believes that there is relevant and material evidence available which had not been presented at the hearing, the presiding officer may adjourn the hearing or, at any time prior to the mailing of notice of the decision, reopen the hearing for receipt of such evidence. . . ."

Plaintiff has cited several Second and Third Circuit cases holding the Administrative Law Judge to a duty to develop evidence as to the claimant's disability, especially where the claimant is not represented by an attorney, as in the instant case. The Fifth Circuit has considered this specific issue (at least as to whether the Administrative Law Judge has a duty to develop evidence as to *mental* impairment[s]) so that the Court need not turn to the opinions of other circuits.

In *McGee v. Weinberger,* 518 F.2d 330 (5th Cir. 1975), the case relied upon by plaintiff herein, the Fifth Circuit remanded the case to the district court for additional evidence which was to include the result of a consultative psychiatric examination inquiring, *inter alia,* into possible psychiatric causes for the edema from which the claimant was suffering. In that case, contrary to the present case, there was objective medical evidence of psychiatric impairment, and the claimant requested a consultative psychiatric examination at government expense because she was financially unable to obtain such an examination. A Baton Rouge Mental Health Center report "on Individual with Mental Impairment" with the diagnosis of "involutional melancholia" with a prognosis of "fair" was part of the evidence of record. The claimant testified that her "bad nerves" and headaches were

so severe that two to three days were required to recover from each episode. The claimant also had to give up driving an automobile because of the headaches.

Both medical and lay evidence described claimant as suffering from edema (swelling). Claimant's doctor, however, was unable to determine the cause of the edema. The Fifth Circuit stated, "If the Administrative Law Judge does not have before him sufficient facts on which to make an informed decision, his decision is not supported by substantial evidence." (518 F.2d at 332) The Court cited 20 C.F.R. § 404.-1527 which provides for consultative examinations where warranted.

In *Turner v. Califano,* 563 F.2d 669 (5th Cir. 1977), the Court held that "full inquiry" required of the Administrative Law Judge does not require consultative examinations at government expense unless the record establishes that such an examination is *necessary* to enable him to make the disability decision.

In *Davis v. Califano,* 599 F.2d 1324 (5th Cir. 1979), the Court held that the Administrative Law Judge improperly denied the claim without first obtaining a consultative examination by a psychiatrist. Mrs. Davis alleged disability due to chronic back pain. The Administrative Law Judge denied her benefits because there was no medical evidence as to the cause of her back pain. Mrs. Davis, unlike the claimants in the prior two cases above, did not request a psychiatric examination at the administrative level. However, Mrs. Davis' orthopedic surgeon, Dr. Haller, saw her on nine occasions, and in his last medical report Dr. Haller concluded that "the primary problem is psychosomatic pain." Dr. Haller stated, "I feel that this patient has chronic back pain, that cannot be helped by surgery. I think we should consider her disabled from this point on."

In view of the extensive medical treatment and examinations, coupled with Dr. Haller's opinion as to both the existing disability and the presence of "psychosomatic pain," the Court felt that the case fell "within that limited area defined by *McGee v. Weinberger,*" and stated:

". . . These facts cry out for confirmation or refutation by a qualified expert psychiatrist. . . ." (599 F.2d at 1326)

". . . Having accepted that Mrs. Davis was suffering from unexplained pain, the administrative law judge could not simply deny the claim without obtaining a consultative examination by a psychiatrist pursuant to 20 C.F.R. § 404.1527. . . . 'If the [administrative law judge] does not have before him sufficient facts on which to make an informed decision, his decision is not supported by substantial evidence.' . . ." (599 F.2d at 1327)

The evidence that plaintiff in the instant case points to in support of her contention that a mental examination is necessary is basically that she is nervous and that she takes medicine for her nerves (see outline of evidence, page 294 of this opinion). Mrs. Bowman is not claiming that the cause of her diverticulitis is psychosomatic. Unlike the facts in *McGee* and *Davis,* the facts in this case do not "cry out for confirmation or refutation by a qualified expert psychiatrist." There is no evidence in the administrative record to suggest any psychiatric basis for the claimant's multiple complaints. The record does not establish that a consultative examination is necessary to enable the Administrative Law Judge to make the disability decision. Therefore, the Secretary's decision in this regard is supported by substantial evidence.

B. Cumulative Effects of Plaintiff's Physical and Mental Impairments

■ The Administrative Law Judge states in his opinion:

". . . The greater weight of the medical evidence and in the manner prescribed by the Act fails to establish any significant impairment or *combination* of *impairments that would preclude substantial gainful activity.*" (Tr. 16—Emphasis added)

Thus, it is apparent that the Administrative Law Judge considered the cumulative effect of plaintiff's various physical ailments.

Additionally, the Administrative Law Judge states:

".  .  . The claimant did not, at the time of the alleged onset and at any time to and including the date of the issuance of this decision, suffer medically determinable impairment, either *mental or physical,* that could be expected to last 12 continuous months and which caused or causes the claimant to be unable to engage in any substantial gainful activity." (Tr. 16—Emphasis added)

Therefore, it is clear that the Administrative Law Judge decided that the plaintiff was not mentally or physically impaired and that in reaching this conclusion he considered the cumulative effects of all of plaintiff's various ailments. There is substantial evidence in the record to support that decision.

For the foregoing reasons, the decision of the Secretary of Health, Education and Welfare denying plaintiff's application is AFFIRMED. Judgment will be entered accordingly.