Taylor J. SHELTON, Jr.

v.

Richard SCHWEIKER, Secretary of Health and Human Services.

Civ. A. No. B–79–802–CA.

United States District Court,
E. D. Texas,
Beaumont Division.

March 24, 1981.

David Eric Bernsen, Benckenstein, Norvell & Bernsen, Beaumont, Tex., for plaintiff.

John H. Hannah, Jr., U. S. Atty., William J. Cornelius, Jr., Asst. U. S. Atty., Tyler, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

JOE J. FISHER, District Judge.

The plaintiff, Taylor J. Shelton, Jr., filed this suit under section 205(g) of the Social Security Act (Act), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Secretary of Health and Human Services (Secretary) which denied his claim for disability insurance benefits pursuant to Title II of the Act. Both parties have moved the Court for summary judgment and have filed excellent briefs in support of their respective positions.

The plaintiff filed his application for benefits on March 27, 1978, alleging that he became disabled within the meaning of the Act[1] on September 2, 1977. His claim was denied upon initial consideration, after a hearing before an administrative law judge (ALJ), and by the Appeals Council.

The role of the Court in this case is limited to a determination of whether, on the record as a whole, substantial evidence[2] supports the decision of the Secretary. 42 U.S.C. § 405(g); *Epps v. Harris*, 624 F.2d 1267, 1269 (5th Cir. 1980). The Court may not reweigh the evidence nor substitute its judgment for that of the Secretary. *Warncke v. Harris*, 619 F.2d 412, 416 (5th Cir. 1980); *Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980); *Laffoon v. Califano*, 558 F.2d 253, 254 (5th Cir. 1977).

---

1. In order to prove entitlement to disability benefits, a claimant must show not only a

medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months,

42 U.S.C. § 423(d)(1)(A), but also that such impairment is

of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A). *Johnson v. Harris*, 612 F.2d 993, 997 (5th Cir. 1980). This burden is so stringent that it has been described as bordering on the unrealistic. *Williams v. Finch*, 440 F.2d 613, 615 (5th Cir. 1971).

2. Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (citations omitted) [quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)].

Nevertheless, the Court is under an obligation to scrutinize the entire record to gauge the reasonableness of the decision of the Secretary. *Western v. Harris*, 633 F.2d 1204, 1207 (5th Cir. 1981); *Goodley v. Harris*, 608 F.2d 234, 236 (5th Cir. 1979); *Mims v. Califano*, 581 F.2d 1211, 1213 (5th Cir. 1978).

The plaintiff was born December 27, 1923, finished high school, and has worked as a machinist for over thirty-one years. He alleged that he became disabled due to high blood pressure and arthritis in September of 1977. The ALJ found that the plaintiff suffered from the following medically determinable impairments:

> cervical disc disease, essential vascular hypertension, arteriosclerotic heart disease, degenerative joint disease and osteoarthritis with calcification and stiffness of cervical and thoracic spine, hips, and some arthritis in left knee, and without any atrophy, with liver disease, mild right ankle sprain, and with mild side effects of his prescribed drugs and drowsiness, and obesity (5 feet 11 inches—240 pounds), all of a mild to moderate degree, together with a degree or level of mild to moderate pain and discomfort attendant thereto.

Transcript at 17. The ALJ found that although these impairments prevent the plaintiff from performing his previous job, they are "not of such a level or duration as to prevent claimant from engaging in other lighter forms of semi-skilled substantial gainful employment." *Id.* at 18.

The Court agrees with the ALJ's observation at the hearing that "the whole case turns on the pain and discomfort." *Id.* at 161. However, the Court finds that the ALJ's characterization of the plaintiff's level of pain as mild to moderate is not supported by substantial evidence and must, therefore, reverse the decision of the Secretary.

It is well-established that pain alone can be disabling within the meaning of the Act, even where its existence if not supported by objective medical, clinical, or laboratory evidence. *See, e. g., Western v.*

*Harris*, 633 F.2d at 1206 n. 4; *Simmons v. Harris*, 602 F.2d 1233, 1236 (5th Cir. 1979); *Gaultney v. Weinberger*, 505 F.2d 943, 945 (5th Cir. 1974). Indeed, the fifth circuit has often held that the ALJ "*must* consider subjective evidence of pain as testified to both by the claimant and by other lay witnesses." *Id.* (emphasis in original); *DePaepe v. Richardson*, 464 F.2d 92, 94, 99–100 (5th Cir. 1972); *Hayes v. Celebrezze*, 311 F.2d 648, 654 (5th Cir. 1963). Of course, not all pain is disabling, and the inability to work without incurring some pain or discomfort does not necessarily constitute a disability under the Act. *Epps v. Harris*, 624 F.2d at 1274; *Gaultney v. Weinberger*, 505 F.2d at 946. The task of determining whether a claimant's pain rises to the level of a disability is normally for the ALJ, whose duty it is to resolve conflicts in the evidence. *Epps v. Harris*, 624 F.2d at 1274; *Fortenberry v. Harris*, 612 F.2d at 950; *Gaultney v. Weinberger*, 505 F.2d at 946.

In this case, the ALJ found that the plaintiff suffered from "mild to moderate pain and discomfort attendant thereto," but that it did not prevent him from engaging in either light or sedentary work. Transcript at 17. He also found that

> Claimant's testimony of such a severe or "disabling" level of impairments, including subjective pain and discomfort, as would preclude him from engaging in either light or sedentary work is not found to be credible and convincing in that the claimant's credibility, motivation, and the weight and preponderance of the medical and other evidence, including vocational, fails to establish a sufficient medical basis for acceptance of claimant's testimony of severe, disabling pain and impairments at face value with such a total level of incapacity for such work.

*Id.* at 17–18. The ALJ elaborated on the issue of the plaintiff's credibility in his "Evaluation of the Evidence:"

> It appears from the weight and preponderance of such credible medical and other evidence and testimony that the pain and discomfort factor is not of such persistence and severity as to be "disabling"

but is found to be only of mild to moderate nature generally, with severe episodes occurring only on occasion. The medical impairments are not shown from the medical evidence as a whole to be causing such a severe degree of pain as contended and claimant's complaints are not credible to the extent of establishing a complete inability to perform any substantial gainful work due to pain. It is held that, in the absence of any clinically demonstrable disorder demonstrating cause [of] disabling pain or any other objectively verifiable evidence of disabling pain, a claimant may be found to have failed to carry the burden of demonstrating that the pain is disabling. * * * In this case, it appears that despite the pain and discomfort claimant suffers, claimant nevertheless has had the residual functional capacity to perform light and sedentary work.

*Id.* at 13–14 (citations omitted). Thus, the Secretary's decision that the plaintiff's pain does not rise to the level of a disability appears to have been based on two findings: that the plaintiff's testimony was not credible and that there was not sufficient medical evidence substantiating his complaints.

The ALJ discounted the plaintiff's testimony, which if believed would have dictated a finding of disability,[3] on the ground, apparently, of the plaintiff's motivation. *Id.* at 17. Naturally, a claimant is biased in the sense that he has an interest in the outcome of his claim. However, the testimony shows that he is anything but a malingerer. The plaintiff was a hard-working man, one who was forced into retirement; he worked with pain from 1972 until 1977, when he was no longer able to pass the company physical and was terminated, not at his own request, but at the request of his former employer. *Id.* at 73–86.[4] The Court has searched the record for some inkling of why the ALJ believed the plaintiff to be exaggerating his subjective complaints. None can be found. Nevertheless, judging the credibility of the witnesses at the hearing, as noted above, is within the province of the ALJ, who had the opportunity to observe their testimony and demeanor. The Court is, therefore, loathe to reverse on this ground.

■ The ALJ also determined that the medical evidence did not substantiate the plaintiff's subjective complaints. It is this finding that is clearly not supported by substantial evidence.[5] From the onset of his condition in 1972 until the time of the hearing, the plaintiff has been seen many times by many physicians, none of whom expressed the slightest skepticism of his subjective complaints.[6] Dr. Shorkey, an orthopedic surgeon, treated the plaintiff for nine years. Dr. Hamby, his former employer's company doctor, also treated the plaintiff for nine years. Dr. Westbrook, a general practitioner, treated him for twenty years.

The record fairly bristles with objective medical, clinical support for the existence of pain at a severe level. Dr. Shorkey in 1972 found osteoarthritis at C4–5 and C5–6 with disc narrowing and occlusion of the formina, particularly on the right, with nerve root involvement. *Id.*, at 211. Dr. Hamby's findings were essentially the same. *Id.* at 223, 232. Dr. Fortney found evidence of bone and tissue destruction in the cervical spine, with nerve root involvement. *Id.* at

---

3. "ALJ: If I believe [Mr. Shelton] and what all he said, I'll find he's disabled. I'm convinced of that." Transcript at 92.

4. The plaintiff was also medically discharged from military duty in 1943. Transcript at 71–72.

5. In addition, the ALJ's holding that "in the absence of any clinically demonstrable medical disorder demonstrating cause [of] disabling pain or any other objectively verifiable evidence of disabling pain, a claimant may be found to have failed to carry the burden of demonstrating that the pain is disabling," transcript at 13–14, is wrong as a matter of law. *Benson v. Harris,* 638 F.2d 1355, 1356 (5th Cir. 1981); *Western v. Harris,* 633 F.2d 1204, 1206 n. 4 (5th Cir. 1981); *Simmons v. Harris,* 602 F.2d 1233, 1236 (5th Cir. 1979).

6. In point of fact, the plaintiff was prescribed pain medications during this period, which he was still taking at the time of the hearing. *See,* e. g., transcript at 62–66.

238–39. Even Dr. Stephenson, to whom the plaintiff was sent by the Social Security Administration after the hearing and upon whose testimony the ALJ almost exclusively relied,[7] found degenerative changes in the anterior portions of C–2, C–3, C–4, C–5, and C–6, *id.* at 270, which indicates the progressive nature of the plaintiff's disease, corroborating Dr. Shorkey's earlier diagnosis.[8] Moreover, Dr. Stephenson did not report that the plaintiff had no pain, only that he thought the degenerative changes and calcification he found may cause some pain or discomfort "on occasion." *Id.* at 275.

The Court is of the opinion that the report submitted by Dr. Stephenson does not constitute substantial evidence that the plaintiff suffers only mild to moderate pain and discomfort. The overwhelming weight of the medical testimony shows that he does, indeed, suffer a severe level of pain which drastically limits his ability to sit, stand, or walk for any sustained period of time. No purpose would be served by detailing that evidence here. Rather than remand this cause to the Secretary for a redetermination of the level of pain, the Court will direct a finding that the plaintiff suffers from severe pain, which is the only finding the Secretary could reach under the evidence.[9]

Dr. Nelson, a vocational expert witness, testified at the hearing in response to a hypothetical question posed by the ALJ that, if the plaintiff suffered from a moderate to severe level of pain with its accompanying limitation on his ability to sit, stand, or walk for a sustained period of time, he would not be able to engage in any kind of substantial gainful activity.[10] This answer constitutes the only evidence in the record of the plaintiff's ability to work and requires a finding of disability under the Act. Therefore, the Court will reverse the decision of the Secretary and remand this cause to him with directions to enter an award of

---

**7.** This heavy reliance on the report of Dr. Stephenson, who saw the plaintiff only once for about 30 minutes, transcript at 274, to the exclusion of the reports of the treating physicians, Drs. Westbrook, Shorkey, and Hamby, is an error which alone might require a reversal. *Fruge v. Harris,* 631 F.2d 1244, 1246 (5th Cir. 1980). *Cf. Warncke v. Harris,* 619 F.2d 412, 416 (5th Cir. 1980); *Strickland v. Harris,* 615 F.2d 1103, 1109 (5th Cir. 1980); *Johnson v. Harris,* 612 F.2d 993, 998 (5th Cir. 1980).

**8.** Dr. Shorkey's letter of November 23, 1978, states that "Mr. Shelton's condition to my knowledge cannot be reversed and generally speaking it cannot be arrested, therefore, it can be considered to be progressive with a rather unfavorable prognosis." Transcript at 247.

**9.** Where the evidence is fully developed and unequivocally points to a specific finding, the reviewing court may, without remand, enter the finding that the Secretary should have made. *Gardner v. Smith,* 368 F.2d 77, 86 (5th Cir. 1966); *McFarland v. Harris,* 499 F.Supp. 550, 552 (E.D.Tex.1980).

**10.** The complete hypothetical, and Dr. Nelson's answer, reads as follows:

Q. Yes. All right.

For our first hypothetical assumption, assume that he's 55 years of age, he has a high school education, and the skilled background in machine journeyman, some 30 years of experience.

And that he does have neck pain and radiation pain and numbness into his right shoulder and arm.

And, as he described it, there was also some left knee pain, and high blood pressure and dizziness.

And that he has a medical diagnosis of essential vascular hypertension, normal medications.

That he has a diagnosis of arteriosclerotic heart disease and degenerative joint disease and arthritis, with calcification and stiffness of the cervical and thoracic spine, and some into the hips; and arthritis of his left knee, but without any atrophy.

He has mild liver disease and mild right ankle sprain, and obesity.

And assuming that I should find that these impairments in combination are severe or moderate severe to severe, and impose moderate to severe pain and discomfort.

That his testimony is substantially true, and backed by the preponderance of the medical evidence.

And that he's unable to stand or walk or sit, singly or in combination, or in any combination, for an eight-hour work day.

That he has to lay down most of the time.

Would there be any type of substantial gainful employment that he could perform?

A. I believe not.

Transcript at 109–10.

disability insurance benefits for the plaintiff. It is, therefore,

ORDERED, ADJUDGED and DECREED that the plaintiff's motion for summary judgment is GRANTED; the Secretary's motion for summary judgment is DENIED; and this cause is hereby REMANDED to the Secretary with directions to enter an award of disability insurance benefits for the plaintiff in accordance with this Memorandum Opinion.