**Ronnie Leon TIMMONS, Plaintiff–Appellant,**

v.

**Patricia Roberts HARRIS, Secretary of Health and Human Services, Defendant–Appellee.**

**No. 80–1289**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit. Unit A

Oct. 27, 1980.

---

Ronnie L. Timmons, pro se.

Kenneth J. Mighell, U. S. Atty., Dallas, Tex., Thomas W. Stout, Atty., Randolph W. Gaines, Baltimore, Md., Martha Joe Stroud, Asst. U. S. Atty., Dallas, Tex., Alice Daniel, Asst. Atty. Gen., Washington, D. C., for defendant–appellee.

Before AINSWORTH, GARZA and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

Appellant Ronnie Leon Timmons commenced this action under Section 205(g), of the Social Security Act, 42 U.S.C. § 405(g), against the Secretary of Health, Education and Welfare, now Health and Human Services, to obtain judicial review of the decision of the Secretary denying his claim for disability benefits. Both parties moved for summary judgment. The district court granted appellee's motion, affirmed the Secretary's decision to deny appellant's claim, and dismissed appellant's complaint. The issue on this appeal is whether the Secretary's decision was supported by substantial evidence. We find that substantial evidence did exist and therefore affirm.

On March 10, 1978, appellant Timmons stumbled and cut his right hand on some glass while he was cleaning up at work. He underwent surgery on April 25, 1978, to have tendon rods placed in his fourth and fifth fingers. On April 24, 1979, a second operation was performed on his hand; flexor tendon graft surgery was done on his two fingers.

At the time of his injury, appellant was employed by the Dallas Housing Authority to cut grass and keep areas clean (T. 23, 103). His previous employment has included washing, waxing, and cleaning automobiles for a Chevrolet dealership, street cleaning for the City of Dallas, and work as a brick layer's helper (T. 23–24, 103). He has not worked since his injury.

Appellant filed an application for disability benefits with the Social Security Administration on October 18, 1978, alleging that he had become disabled as of March 10, 1978, because of a back injury and laceration of the fourth and fifth fingers of his right hand. His application was denied initially, and later also on reconsideration. On April 3, 1979, appellant requested a hearing which was held on May 15, 1979, and on May 29, 1979 an administrative law judge denied his claims for disability benefits. On review, the Appeals Council approved the denial of benefits; thus, the hearing decision became the final decision of the Secretary. This action by appellant Timmons for judicial review followed.

The sole issue for us to determine on appeal is whether the decision of the Secretary is supported by substantial evidence. *Newborn v. Harris,* 5th Cir., 1979, 602 F.2d 105, 106; *see Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

We find that the evidence adequately supports the Secretary's decision that appellant was not disabled within the meaning of the Social Security Act, 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A), 1382c(a)(3)(A) (1976). At the hearing before the administrative law judge, appellant testified that his right hand was "a little bit painful, but I can't move it at all. I have no control of it." (T. 31). However, Dr. Peter Kurilecz, Jr., an orthopedic surgeon who examined appellant on November 28, 1978, was of the opinion that appellant "has a full range of motion of the thumb, index and middle fingers. Passively he has 50% range of motion of the 4th and 5th fingers. He has a fair grip." (T. 76). A December 6, 1978 report of a state physician for the Disability Determination Division found that appellant could lift and carry fifty pounds frequently and one hundred pounds occasionally (T. 77).

As for appellant's back injury, he stated to the administrative law judge that his back was "generally messed up." (T. 30). However, Dr. Kurilecz examined appellant's back and found:

> X–rays of the lumbar spine are within normal limits. No neural arch defects are present. Disc spaces are within normal limits. . . . Examination of the back reveals he is able to tiptoe, heel

walk and squat without any difficulty. He has a full range of motion of the lumbar spine in all directions. . . . I am of the opinion that the patient has no objective findings pertaining to his low back. (T. 75–76).

The administrative law judge found that appellant possessed the residual capacity to return to work either in maintenance, washing or waxing vehicles, or street cleaning (T. 12). In light of the foregoing evidence, the Secretary was warranted in finding that no disability, as defined under the law, existed. Accordingly, we affirm the district court order.

AFFIRMED.