**Milton GOODLEY, Plaintiff-Appellant,**

v.

**Patricia Roberts HARRIS, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 79–2567**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Dec. 14, 1979.

---

*\* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Joseph Jake Fontenot, Mamou, La., for plaintiff-appellant.

Leven H. Harris, Asst. U. S. Atty., Shreveport, La., for defendant-appellee.

Before GEE, HENDERSON and HATCHETT, Circuit Judges.

HATCHETT, Circuit Judge:

Milton Goodley appeals from a judgment of the district court affirming a final decision of the Secretary of Health, Education and Welfare denying Goodley's application for the establishment of a period of disability under section 216 of the Social Security Act, 42 U.S.C. § 416(i). He also seeks disability insurance benefits under § 223 of the Act, 42 U.S.C. § 423, and Supplemental Security Income under § 1614(a)(3)(A) of the Act. Because the decision of the Secretary is not supported by substantial evidence on the record as a whole, we reverse.

Appellant is a 41 year old male with a ninth grade education. He has worked as a common laborer for a plywood company, as a carpenter's helper, and as an orderly in a hospital. Since 1969, he has suffered from chest pains, headaches, and dizziness. For the past several years he has been treated for these pains, but medication has been unsuccessful. When problems worsened during November of 1977, he discontinued his employment with the plywood company. Appellant testified that he experiences pain at times even when lying down or sitting, that he cannot mow the lawn without having dizziness, headaches and chest pains, that he has trouble doing housework, and that walking often causes him to get "short of breath." He takes several pills daily for his pain and nervous condition, including Thorazine, Lotsatain, Indorel, and Fenaphin.

At the administrative hearing, Dr. Perron, a general practitioner, testified that appellant has an abnormal EKG, and that tests show evidence of left ventricular enlargement due to hypertension. However, Dr. Perron believes that appellant's problems are due to tension and anxiety, rather than a "heart problem." The doctor testified that appellant is incapable of doing any physical activity and that even some sedentary work may be too stressful for him to handle.

The report prepared by Dr. Philip Landry, a psychiatrist, reflects that appellant suffers from a chronic anxiety neurosis, which is probably the primary cause of the chest pain. The report also states that for the immediate future he is probably disabled and unable to work. In all likelihood, he can become socially productive if granted the financial means to obtain psychiatric intervention.

Although the administrative law judge found that appellant suffers from chest pains, the judge concluded that there was insufficient evidence, from a physical or psychological standpoint, to support a finding of disability. Further, the administrative law judge noted that he gave serious consideration to the opinion of Dr. Landry that appellant needs some financial free time for psychiatric intervention. Al-

though the judge stated that "[t]his could possibly be the best course for the claimant," he concluded that "a finding in appellant's favor could also support his feeling that he is disabled and further finalize this opinion about himself." The judge believed that appellant could be benefited most by becoming active; and consequently, the appellant was denied disability benefits.[1]

The sole issue is whether the findings of the Secretary are supported by competent and substantial evidence. After a careful review of the record, we hold that the conclusion that appellant is not disabled within the purview of the Social Security Act is not supported by the evidence.

This Court's function is limited to determining whether the Secretary's findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); see also *Newborn v. Harris*, 602 F.2d 105 (5th Cir. 1979). This Court is not at liberty to decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Secretary. *Williams v. Finch*, 440 F.2d 613 (5th Cir. 1971). Further, the claimant bears the heavy burden of establishing the existence of a disability within the meaning of the Act,[2] and this Court will rarely overturn the decision of the Secretary. See, *McDaniel v. Califano*, 568 F.2d 1172 (5th Cir. 1978); *Turner v. Califano*, 563 F.2d 669 (5th Cir. 1977); *Gaultney v. Weinberger*, 505 F.2d 943 (5th Cir. 1974). Nevertheless, this Court is obligated to scrutinize the record in its entirety to determine the reasonableness of the Secretary's decision. *Davis v. Califano*, 599 F.2d 1324 (5th Cir.

1979). We find that the record before us does not contain substantial evidence to support the Secretary's decision.[3]

The medical evidence that appellant is disabled is without contradiction in the record. That appellant's malady is largely psychological rather than physical is also uncontradicted. Dr. Perron stated succinctly "[t]ension and anxiety is what I think his basic problem is." The doctor opined that appellant is incapable of performing any manual labor, and that even some sedentary work might be too stressful for him to handle. Dr. Landry diagnosed appellant's problem as "chronic anxiety neurosis." He was also of the opinion that appellant was unable to work. Dr. Landry suggested that appellant would probably become socially productive again if he were able to receive psychiatric treatment.

The finding that appellant is not disabled lacks support in the record. In his report, the judge mentioned the opinions of Drs. Perron and Landry. While such uncontradicted expert opinions on the ultimate issue are not binding on the administrative law judge, he may not arbitrarily choose to ignore uncontroverted medical testimony. *Mims v. Califano*, 581 F.2d 1211 (5th Cir. 1978). At least one circuit has held that where there is medical proof of disability, the government cannot deny disability benefits without some medical opinion that in fact the claimant is capable of gainful employment. *O'Bryan v. Weinberger*, 511 F.2d 68 (6th Cir. 1975). This Court has often reversed decisions of the Secretary finding no disability where the uncon-

---

1. We note at the outset that the administrative law judge substituted his lay opinion as to what is the best "treatment" for appellant for that of the medical expert. This practice was frowned upon in *Williams v. Richardson*, 458 F.2d 991, 992 (5th Cir. 1972), and may constitute reversible error in the proper case.

2. In order to qualify for disability benefits under the Act, a claimant must show, first, that he is suffering from a medically determinable physical or mental impairment, and second, that due to this impairment, he is unable to engage in any substantial gainful activity. See 42 U.S.C. § 423(d)(3); *Mims v. Califano*, 581 F.2d 1211 (5th Cir. 1978).

[A] "physical or mental impairment" is an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3).

3. Substantial evidence has been defined as "more than a scintilla." It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Consolidated Edison Co. v. N. L. R. B.*, 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126 (1938).

tradicted medical evidence indicates that the claimant is disabled. *Mims v. Califano,* 581 F.2d 1211; *Payne v. Weinberger,* 480 F.2d 1006 (5th Cir. 1973); *Williams v. Finch,* 440 F.2d 613 (5th Cir. 1971).

We recognize that Dr. Perron also stated that from a pure physical standpoint, appellant should be able to function as well as anyone else. We have reached the stage, however, where we understand that the mind and body are interrelated to the extent that a troubled mind can disable a healthy body. As was stated by one of our sister courts:

> The fracture of a limb is a matter of easy demonstration. The fracture of that delicate but complex conglomerate of elusive and variable components termed the human mind is not so easily demonstrable even though the resultant disability may be every bit as devastating as the physical trauma in its impact. While much distance has yet to be travelled, there has been an emergence from the darkness of thinking that it is only the gibbering idiot who cannot control the exercise of his will by simply putting his mind to it. Unfortunately there is still much blurring of the boundaries between those who have lost control and those who could but choose not to control, confusion between medical hysteria and hysterical actions, and failure to differentiate between hypochondriacal neurosis and malingering with hypochondriacal manifestations. It is primarily to the psychiatrist or psychoanalyst to whom we must turn . . for the 'medically acceptable clinical and laboratory diagnostic techniques'. . . *Hassler v. Weinberger,* 502 F.2d 172, 176 (7th Cir. 1974).

We are confident that those who would malinger when they have the ability, both mentally and physically, to engage in gainful employment, will be exposed. Here, there is no evidence that appellant is a malingerer; instead, all the evidence presented supports appellant's assertion of a true disability within the meaning of the Act. In the absence of evidence in the record that appellant can engage in some kind of gainful employment, we are unable to hold that the Secretary's denial of benefits is supported by substantial evidence. We remand this case to the district court so that it may issue an appropriate order directing the Secretary to grant appellant the disability benefits to which he is entitled, in accordance with this opinion.

REVERSED AND REMANDED.