Priscilla H. WATTS, Plaintiff-Appellant,

v.

Patricia Roberts HARRIS, Secretary of
Health and Human Resources,
Defendant-Appellee.

No. 79–3711
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 27, 1980.

Rehearing Denied April 28, 1980.

Laurel G. Weir, Philadelphia, Miss., for
plaintiff-appellant.

Robert E. Hauberg, U. ,S. Atty., L. K.
Travis, Asst. U. S. Atty., Jackson, Miss., for
defendant-appellee.

Before BROWN, TJOFLAT and FRANK
M. JOHNSON, Jr., Circuit Judges.

PER CURIAM:

On September 22, 1977, Priscilla Watts
filed applications for disabled widow's in-
surance benefits and supplemental security
income, claiming that she became disabled
in May of 1975. The applications were de-
nied initially and on reconsideration by the
Social Security Administration. The Ad-
ministrative Law Judge (ALJ) heard the
case *de novo* and determined that Watts
was not disabled. The Appeals Council ap-
proved the ALJ's decision, making it a final
decision of the Secretary of Health, Educa-
tion, and Welfare and reviewable under
§ 205(g) of the Social Security Act, 42 U.S.
C.A. § 405(g). The District Court affirmed
the Secretary. We affirm the District
Court.

Appellant was born on September 6, 1922,
has a sixth grade education, and has been
employed as a domestic, baby sitter, egg
packer, shirt finisher, and cook. She has
been a widow since 1959. She claims to

the *Heitland* test is applicable or, if it is, wheth-
er appellant met its requirements.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

have suffered a heart attack in 1975. She also suffers from diabetes mellitus, high blood pressure, arthritis and depression. The record in this case consists of various medical reports and testimony by appellant.

The function of this Court is to determine whether the Secretary's findings are supported by substantial evidence in the record as a whole. 42 U.S.C.A. § 405(g); *Newborn v. Harris,* 602 F.2d 105, 106 (5th Cir. 1979). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *NLRB v. Columbian Enameling and Stamping Co.,* 306 U.S. 292, 300, 59 S.Ct. 501, 505, 83 L.Ed. 660, 665 (1939). This Court may not "decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Secretary." *Goodley v. Harris,* 608 F.2d 234, 236 (5th Cir. 1979). The burden of establishing a disability rests with the claimant, and this Court will rarely overturn the Secretary's decision. *Id.*

■ In this case there is clearly substantial evidence to support the decision of the Secretary. The medical records reveal no evidence of heart trouble, except for one minor difficulty, which the doctor attributed to one of appellant's medications. Appellant's diabetes mellitus was found by one doctor to be "fairly well controlled with diet and medication." Another doctor found that appellant could, during a normal day, stand and walk six or more hours, although she would have difficulty climbing, balancing, bending or stooping. That doctor also found that appellant's diabetes was well controlled and that her arthritis was "not too severe." Still another doctor, while recognizing that appellant was depressed, looked old for her age, and would have difficulty competing in the job market, concluded "that the patient does not meet social security standards for disability."

Finally, while pain alone can be disabling even when not supported by objective medical evidence, *Simmons v. Harris,* 602 F.2d 1233, 1236 (5th Cir. 1979), appellant's own testimony concerning her pain is at best weak. While claiming that she suffers pain on various occasions, appellant conceded

that such pain spells arise only a couple of times a month and that she is free from pain at other times.

■ Appellant contends that even if we find no grounds for reversal, we should nonetheless remand in light of a medical report obtained by her in October of 1979. This Court is permitted to remand a Social Security case for additional fact finding if "good cause" is shown. 42 U.S.C.A. § 405(g). However, in this case, appellant has offered no explanation as to why the information was not gathered at the proper time. Moreover, after examining the additional evidence, a very brief report from a psychiatrist, we remain convinced that the Secretary's decision was supported by substantial evidence.

We do not mean to suggest that appellant is perfectly healthy. We merely hold that she has not met her burden in demonstrating that the finding that she is not disabled is unsupported by substantial evidence.

AFFIRMED.