Charles F. HUBBARD,
Plaintiff-Appellant,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services,
Defendant-Appellee.

No. 81–7283
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

Sept. 11, 1981.

Shores & Booker, R. Michael Booker, Birmingham, Ala., for plaintiff-appellant.

J. R. Brooks, U. S. Atty., Herbert J. Lewis, III, Asst. Atty. Gen., Birmingham, Ala., for defendant-appellee.

Before GODBOLD, Chief Judge, and FRANK M. JOHNSON, Jr. and ANDERSON, Circuit Judges.

PER CURIAM:

AFFIRMED on the opinion of the district court which appears below as an appendix.

APPENDIX

MEMORANDUM OPINION

ALLGOOD, District Judge.

The plaintiff, Charles F. Hubbard, brings this action pursuant to the provisions of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision by the Secretary of Health and Human Services. Applications for the establishment of a period of disability, under Section 216(i) of the Act, 42 U.S.C. § 416(i), and for disability insurance benefits, under Section 223 of the Act, 42 U.S.C. § 423, were filed on February 9, 1979, alleging that the plaintiff became disabled as of October 29, 1978. Additionally, an application for supplemental security income, under Title XVI of the Act, was filed on July 27, 1979. The applications were denied ad-

ministratively and that position was sustained on reconsideration by the Social Security Administration. On July 27, 1979, the plaintiff requested a hearing and on December 6, 1979, an administrative law judge found that he was not entitled to benefits. On April 7, 1980, the plaintiff filed his complaint for judicial review of the Secretary's final decision and, upon motion of the Secretary before an answer was filed, the court on July 14, 1980, remanded the case to the Secretary. After further development and reconsideration, the Appeals Council, on October 22, 1980, issued its decision holding that the plaintiff is entitled to the benefits claimed beginning March 20, 1980, the day he became fifty-five years old.

This appeal seeks to establish the plaintiff's entitlement to disability insurance benefits prior to March 20, 1980. The issue presented is whether the decision that the plaintiff retained a residual functional capacity for light work activity is supported by substantial evidence. The Appeals Council reaffirmed the inferences, findings and conclusions of the administrative law judge on the ultimate issue of disability through the date of her decision. The Appeals Council concluded that as of March 20, 1980, the date on which the claimant attained age fifty-five, the facts of this case were the same as those cited in Rule 202.02 of Table No. 2, Appendix 2, Subpart P of Regulations No. 4 and Subpart I of Regulations No. 16, thus directing a finding of "disabled" and prior to that date, the facts were the same as those in Rule 202.11 which directs a finding of "not disabled." Plaintiff contends that the evidence supports a finding that he can perform only sedentary work, a finding which would make the facts before March 20, 1980, the same as Rule 201.10 which directs a finding of "disabled".

All of the examining physicians found that the plaintiff suffered from significant lung disease and from degenerative osteoarthritis of the spine. A consulting psychiatrist also found that the plaintiff suffered from mild anxiety and depression. The consulting specialist, Dr. Horton, stated that the plaintiff retained a residual functional capacity for light work. The plaintiff's treating physicians, Drs. Campbell and Wilhite, state that the plaintiff is totally and permanently disabled as a result of his medical impairments. The Appeals Council notes, however, that the reports from the claimant's treating chest specialist contain few clinical findings to support such an opinion, and the report from his treating family practitioner contains no supportive findings, nor even a diagnosis.

The administrative law judge posed a hypothetical question to the vocational expert incorporating the plaintiff's age, education, and prior work experience under an assumption that the plaintiff could perform light work. The vocational expert responded that jobs would be available under that assumption. The judge then asked the vocational expert whether the fact that the plaintiff suffers from mild depression and anxiety would limit the jobs available under the assumption. The vocational expert responded:

"I think it would diminish substantially his ability to perform these on a sustained basis."

The plaintiff's attorney then asked the vocational expert:

"Q. All right. Besides—seeing somebody 54 years old, besides just mild depression and anxiety, but also lung disease and some pain in the back, would that eliminate these light jobs?

A. Yes, sir, I think it would."

Plaintiff contends that there is uncontroverted evidence that he suffers from mild depression and anxiety and that the judge cannot ignore this uncontroverted medical and vocational evidence in arriving at the determination of his residual functional capacity. *Goodley v. Harris*, 608 F.2d 234 (5th Cir. 1979). The court notes that although the psychiatrist, Dr. Tom Rhodes, diagnosed Hubbard's adjustment and reaction to adult life as mild, manifested by mild depression and anxiety, he also stated:

At this time there is no significant reduction in his daily activities based on emotional condition. He relates well to relatives and friends in social situations and

has the ability to relate to supervisors and co-workers in a work situation. He has the ability to read and understand and to perform simple arithmetic computations. He is able to respond to ordinary work pressures and behave independently in a standardized work situation on an emotional basis.

In addition to the above comments, Dr. Rhodes circled "None" as a response to each question on the Supplemental Questionnaire As To Residual Functional Capacity. The questions all relate to the effect which the diagnosed psychiatric impairment would have on the residual functional capacity. It is the court's opinion that the psychiatrist's report directly controverts the opinion expressed by the vocational expert as to the effect that mild depression and anxiety ould [sic] have on plaintiff's ability to perform light work. The court therefore concludes that the determination by the administrative law judge and sustained by the Appeals Council that plaintiff retains a residual functional capacity for light work is supported by substantial evidence.

The scope of judicial review in disability cases is narrow and limited to determining whether the decision of the Secretary is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Chaney v. Califano*, 588 F.2d 958 (5th Cir. 1979). The court has reviewed the entire record and is of the opinion that the decision of the Secretary is supported by substantial evidence. Accordingly, it is, therefore, ORDERED that the decision of the Secretary be, and the same hereby is, AFFIRMED. An order in conformity with this opinion will be entered.