Paul R. JERABEK, Sr.,
Plaintiff-Appellant,

v.

Margaret M. HECKLER, Secretary of Health and Human Services,
Defendant-Appellee.

No. 82–3174
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

June 18, 1984.

and there is substantial evidence to support the administrative law judge's decision.

Claimant was 48 years of age at the date of the decision. He alleges disability due to the results of surgeries on his back, back pain, anxiety and depression. The medical evidence shows surgical removal of a herniated disk at L4–5 level. The surgery was performed for a second time in 1979 due to injuries sustained in an automobile collision. In addition, psychiatric work-up diagnosed claimant as having broad-based character deficits using mechanisms of denial and rationalization in defense of his ego. Recent psychological evaluation indicates that the validity of portions of the previous psychological evaluation were questionable and suggested exaggerated responses. Diagnosis indicated anxiety state, depression and a mixed personality disorder with antisocial and histrionic features. A significant degree of claimant's illness was caused by exaggerated auto-suggestion indicating that claimant's condition was not as severe as he assumed it to be.

The administrative law judge determined claimant to be precluded from doing his previous heavy work as a carpenter but found claimant able to perform sedentary to light work activity without any significant restriction. His emotional disorder would affect but would not preclude his ability to function.

Jeffrey Kushner, Trial Atty., Fort Myers, Fla., Frank J. Neff, Columbus, Ohio, for plaintiff-appellant.

Loretta B. Anderson, Asst. U.S. Atty., Tampa, Fla., for defendant-appellee.

Contrary to claimant's argument, the psychological evaluation of Dr. Garzetta was not arbitrarily ignored. *Strickland v. Harris*, 615 F.2d 1103 (5th Cir.1980); *Goodley v. Harris*, 608 F.2d 234, 236 (5th Cir. 1979). Dr. Garzetta's psychological evaluation, the hospital's report and the other medical evidence were considered.

Before GODBOLD, Chief Judge, and RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

This case is on appeal from the district court's affirmance of the denial of Social Security disability benefits for Paul Jerabek, Sr. 42 U.S.C.A. §§ 416(i), 423. Except for the erroneous application of the Secretary's regulations as to age, the effect of age on the disability claim, there is no error

The administrative law judge properly considered all impairments, including the combined impairments and pain, and applied the proper legal standard in determining claimant was not precluded from a wide range of sedentary to light work activity. *Ferguson v. Schweiker*, 641 F.2d 243 (5th Cir.1981).

In *Broz v. Schweiker*, 677 F.2d 1351 (11th Cir.1982), *vacated and remanded sub*

*nom. Heckler v. Broz,* —— U.S. ——, 103 S.Ct. 2421, 77 L.Ed.2d 1311, *adhered to,* 711 F.2d 957, *modified,* 721 F.2d 1297 (11th Cir.1983), we held that the Secretary could not use the grids that she had adopted concerning age to establish conclusively a claimant's ability to adapt. In *Reeves v. Heckler,* 734 F.2d 519 (11th Cir.1984), we explained how the Secretary could use the age grids in establishing the claimant's ability to adapt. The evidentiary determination we outlined in *Reeves* has not been made in this case. The record shows the ALJ applied the age grids in a mechanical fashion. On remand the district court should give Jerabek the opportunity to make a proffer of evidence on his ability to adapt. If Jerabek makes a proffer of substantial evidence that an ALJ could find credible and tending to show that the claimant's ability to adapt to a new work environment is less than the level established under the grids for persons his age, the district court shall remand the case to the Secretary and direct that the Secretary reconsider the age/disability to adapt issue. If the claimant fails to make such a proffer, the ALJ's mechanistic use of the age grids would be harmless error and there would be no need to remand to the Secretary on this issue.

VACATED and REMANDED.