860 F.2d 1081
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John WEATHERSBY, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 87-2224.
 United States Court of Appeals, Sixth Circuit.
 Oct. 19, 1988.
 
 Before WELLFORD and BOGGS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 John Weathersby initiated this action to obtain judicial review of the decision denying him benefits under 42 U.S.C. Secs. 401 et seq. Jurisdiction vests in this court pursuant to 42 U.S.C. Sec. 405(g).
 
 
 2
 Weathersby filed an application for disability insurance benefits (DIB) and supplemental security income (SSI) on February 22, 1982, alleging that he became disabled on October 31, 1977 due to back pain, stomach problems, and high blood pressure. Weathersby's covered status expired on December 31, 1980.
 
 
 3
 After reviewing numerous medical reports and observing the claimant testify, the ALJ concluded that Weathersby was not disabled because, despite his impairments, he retained the residual functional capacity to perform a full range of light work, including his former job of mechanic's helper. The Appeals Council affirmed the decision of the ALJ, and this opinion was adopted as the final decision of the Secretary. The district court affirmed the denial of benefits.
 
 
 4
 After reviewing the record, we have concluded the Secretary's finding that Weathersby was not disabled by his back pain, stomach problems, high blood pressure, or by a combination of these impairments, is supported by substantial evidence. We therefore affirm the Secretary's denial of benefits through July 1986.
 
 
 5
 The more troubling aspect of this case involves Weathersby's claim of mental impairment. On July 16, 1986, Weathersby was examined by Thomas E. Hranilovich, a psychology intern. Hranilovich issued a report of his findings on July 23, 1986. Although this report was issued before the ALJ's July 29, 1986 decision, the plaintiff presumably failed to inform the ALJ of the report. There is, in any event, no mention of it by the ALJ. The Appeals Council, however, was given an opportunity to review the report and found it contrary to the weight of evidence in the record.
 
 
 6
 In his report, Mr. Hranilovich described the plaintiff as "depressed, worrying and pessimistic, displaying indecision, an inability to plan ahead, significant anxiety and tension, apprehension and an inability to concentrate," and diagnosed him as mildly retarded with a mixed personality disorder. According to Mr. Hranilovich, Weathersby met the listing of impairments in section 12.05(E), 20 C.F.R. Part 404, Subpart P, Appendix 1 because Weathersby had a full scale I.Q. of 68 and suffered from another mental impairment imposing additional and significant work-related limitations.
 
 
 7
 The Appeals Council discredited the psychological evaluation for three reasons. First, it felt that Weathersby's low I.Q. scores were attributable to faulty testing procedures rather than the plaintiff's true abilities. Specifically, the Appeals Council noted that "the I.Q. scores presented in the July 1986 report appear to have been depressed by the failure to consider the claimant's limited education." Second, the Appeals Council indicated that Hranilovich's report failed to evaluate Weathersby's emotional history, reports of his daily living and work activities, and reports from workshops, group homes, or similar assistive activities, as required by Social Security Ruling 85-16. Finally, the Council concluded that Hranilovich's report conflicted with the record as a whole because no other evidence of mental or emotional impairment had been presented.
 
 
 8
 There exists, then, a disagreement between the examining psychologist and the Appeals Council, as to the severity of Weathersby's mental impairment. Although the Secretary must exercise discretion regarding how much weight to give an expert opinion, he generally may not make a contrary medical conclusion when such an opinion is uncontroverted in the record. See Goodley v. Harris, 608 F.2d 234, 236-37 (5th Cir.1979); see also Day v. Weinberger, 522 F.2d 1154, 1156 (9th Cir.1975) (indicating that the uncontradicted opinion of an expert may be rejected by the examiner only for "clear and convincing" reasons).
 
 
 9
 We have some difficulty with the Appeals Council's rejection of Hranilovich's report. This rejection appears to be based on nothing more than its own deductive reasoning. For example, the Council asserts that the report conflicts with other medical evidence. Yet, none of the other physicians of record are psychologists or psychiatrists. No one previously discussed the possibility that Weathersby was retarded. Moreover, none of the other physicians was ever asked to comment on Weathersby's mental condition. Thus, the Council relied on a negative inference to rebut the only psychological report in evidence.
 
 
 10
 Because the court finds an insufficient development of the mental impairment evidence, we REMAND this issue to the Secretary for reconsideration of the case in light of the July 1986 psychological report. We suggest that the case be returned to the ALJ for a determination of whether Weathersby is totally disabled due to a mental impairment or a combination of mental and physical impairments. The ALJ should begin this evaluation as of July 1986, the time when the psychological report first was presented to the Appeals Council, with respect to the SSI claim only.