Gary S. AUREDNICK, Plaintiff,

v.

Louis W. SULLIVAN, M.D., Secretary
of Health and Human Services,
Defendant.

No. 87–324–CIV–T–10C.

United States District Court,
M.D. Florida,
Tampa Division.

Feb. 20, 1990.

Susan Allen, J. Christopher Deem, Tampa, Fla., for plaintiff.

Peter B. Loewenberg, Asst. U.S. Atty., Tampa, Fla., for defendant.

## ORDER

HODGES, District Judge.

THIS CAUSE came on for consideration upon the filing of a petition for review of the decision of the Secretary of Health and Human Services. This matter was considered by the Magistrate, pursuant to the general order of assignment, who has filed her report recommending that the decision of the Secretary denying benefits be reversed and the case remanded to the Secretary for further proceedings.

Upon consideration of the report and recommendation of the Magistrate, and upon the court's independent examination of the file, the Magistrate's report and recommendation is adopted and confirmed and made a part hereof.

Accordingly, it is ORDERED:

(1) The above styled cause is remanded to the Secretary for further proceedings.

## REPORT AND RECOMMENDATION

December 28, 1989.

ELIZABETH A. JENKINS, United States Magistrate.

Plaintiff brings this action pursuant to the Social Security Act (the Act), as amend-

ed, Title 42, United States Code, Section 405(g) to obtain judicial review of a final decision of the Secretary of Health and Human Services (the Secretary) denying claims for disability insurance and supplemental security income benefits under the Act.[1]

The undersigned has thoroughly reviewed the record consisting of a transcript of the proceedings before the Administrative Law Judge (ALJ) as well as the exhibits filed in the administrative record, the pleadings, and memoranda submitted by the parties. Oral argument has also been held.

In an action for judicial review, the reviewing court must affirm the decision of the Secretary if it is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion". *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983). If there is substantial evidence to support the Secretary's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Secretary. *Goodley v. Harris*, 608 F.2d 234, 236 (5th Cir.1979).

If an error of law was committed by the Secretary, the case must be remanded to the Secretary for application of the correct legal standard. *McDaniel v. Bowen*, 800 F.2d 1026, 1029–30 (11th Cir.1986); *Smith v. Heckler*, 707 F.2d 1284, 1285 (11th Cir. 1983). If the reviewing court is unable to determine from the ALJ's decision that the proper legal standards were applied, then a remand to the Secretary for clarification is required. *Jamison v. Bowen*, 814 F.2d 585 (11th Cir.1987).

## I

On August 16, 1988 this case was remanded by this court for further administrative proceedings for the purpose of evaluating plaintiff's complaints of pain according to the standards set forth in *Landry v. Heckler*, 782 F.2d 1551 (11th Cir.1986), as well as to determine whether plaintiff had any significant non-exertional limitations which precluded reliance on the medical-vocational guidelines ("the grids").[2]

On November 2, 1988 a supplemental hearing was held before the ALJ. Upon remand, the ALJ found that plaintiff was disabled within the meaning of the Act on February 7, 1985 and continuing thereafter due to psychological problems which interfered with plaintiff's ability to concentrate, interact with others and persist at tasks which combined with his other impairments to preclude any work activity on a sustained basis. However, the ALJ found that plaintiff was not disabled prior to February 7, 1985 because he was able to perform at least sedentary work not requiring fine manipulation with the capability of changing positions at least once an hour, as demonstrated by the testimony of a vocational expert. (ST1 377).[3] The ALJ found plaintiff's impairments prior to February 7, 1985 to consist of: a back condition with degenerative disc disease, status-post multiple surgeries with a failed fusion and accompanying discomfort. The ALJ made this determination after applying the standards set forth in *Landry v. Heckler, supra*, in determining that plaintiff's severe back impairment prior to February 7, 1985 permitted him to perform a reduced range of sedentary work engaging in such occupations as security board-room monitor, file

1. This matter has been referred to the undersigned by the district court for consideration and a Report and Recommendation. See Local Rules 6.01(b) and 6.01(c)(18), M.D.Fla.

2. See Dkts. 14 and 15. An extensive review of the evidence presented to the Secretary is contained in the Report and Recommendation of the undersigned magistrate dated July 1, 1988.

3. Two supplemental transcripts have been filed in connection with the proceedings upon remand. The first transcript contains the decision of the ALJ and the Appeals Council, the exhibits presented at the hearing and other miscellaneous information. Citations to this transcript will be indicated by the letters "ST1" followed by the page number. Citations to the second supplemental transcript which contains the testimony at the supplemental hearing will be indicated by the letters "ST2" followed by the page number.

clerk, hand packager, surface printing machine operator, telephone clerk and leaf tier or piercer in the tobacco industry. (ST1 376).

Plaintiff contends that the Secretary's post-remand decision as to the non-existence of a disabling impairment or impairments prior to February 7, 1985 must be reversed. Specifically, plaintiff contends that:

(1) the ALJ failed to articulate specific reasons for rejecting plaintiff's testimony as to disabling pain;

(2) failed to consider pain as a non-exertional factor limiting the range of jobs plaintiff could perform prior to February 7, 1985; and

(3) arbitrarily chose February 1985 as the onset date of plaintiff's psychological symptoms.

Plaintiff requests the court to reverse the decision of the Secretary denying benefits prior to February 7, 1985 and to award disability benefits commencing on February 1981.

## II

■ A. The Eleventh Circuit pain standard requires the Secretary to credit a claimant's subjective pain testimony if there is (a) evidence of an underlying medical condition *and* (b) either (1) objective medical evidence to confirm the severity of the alleged pain *or* (2) that the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain. *Landry v. Heckler,* 782 F.2d at 1553. Under the alternate prong of the pain standard, subjective pain testimony which is supported by clinical evidence of a condition which can reasonably be expected to produce the symptoms of which plaintiff complains is itself sufficient to sustain a finding of disability. This prong requires the Secretary to evaluate the credibility of a claimant's testimony as to pain and to articulate a reasonable basis for rejecting the testimony if it is rejected. *Sewell v. Bowen,* 792 F.2d 1065, 1068 (11th Cir.1986). The reasons must be based on substantial evidence. *See Hale v. Bowen,* 831 F.2d 1007, 1012 (11th Cir.1987); *cf. Lamb v. Bowen,* 847 F.2d 698, 702 (11th Cir.1988).

Plaintiff testified at the supplemental hearing that he has constant neck and back pain and occasional chest pain. (ST2 408–411). He testified that he can sit for only about twenty minutes and then he has to get up and move around to relieve the pain. He testified sometimes that the pain is so bad that he has to take his medication and lie down. Plaintiff testified that he takes Tylenol # 3 and Motrin 800 as needed. (ST2 413–416). Plaintiff also testified that the pain sometimes causes his hands and legs and feet to become numb. (ST2 422–424). Plaintiff testified that he has been told by his physician that he can drive about two hours in a day as long as it is not all at one time. (ST2 426).

During the period May 1981 (the date of plaintiff's back injury) and February 1985 (the onset date of plaintiff's total disability as determined by the ALJ), plaintiff was seen by a number of physicians and had operations in 1981 and in 1982. On April 21, 1982, Dr. Robert Callahan, an orthopedic surgeon, performed a cervical discectomy and fusion of C4–5 and C5–6. In September of that year Dr. Callahan indicated that plaintiff could perform light duty work. (T 229). In March of 1983, Dr. Callahan determined that plaintiff had a non-union at two cervical levels and that the segmental instability was causing his neck pain and occasional nerve irritation. The physician recommended a posterior fusion or alternatively that plaintiff cease his activities as a heavy laborer. (T 231). Plaintiff elected not to have further surgery and in May 1983, Dr. Callahan opined that plaintiff had a permanent partial disability of 15% of the whole body and that he could return to work with restrictions on lifting, carrying, climbing, etc. (T 231).

Plaintiff subsequently saw two specialists, Dr. Donald Mellman, neurosurgeon, and Dr. Michael Wasylik, orthopedic surgeon for complaints relating to his continuing pain. Dr. Wasylik recommended that a laminectomy and posterior cervical fusion be performed but plaintiff declined to un-

dergo the procedure. At a deposition on June 21, 1985, Dr. Wasylik testified that plaintiff would be difficult to rehabilitate and that there were very few jobs that he could perform. He indicated, however, that plaintiff could probably perform a security guard job involving no driving on the job, handling of firearms or significant climbing. Dr. Wasylik opined that plaintiff had "significant organic pathology", "significant functional overlay" and that even if surgery were performed, the best plaintiff could hope for would be a 50% improvement in his pain. (T 245–265).

None of the other examining physicians provided an evaluation of plaintiff's ability to engage in work despite his back impairment.

In evaluating plaintiff's complaints of pain under the *Landry* standard upon remand, the ALJ stated:

> In the instant case, there is evidence of a medically determinable condition which could give rise to pain. However, the credible evidence of record fails to support a determination that the claimant's back condition has resulted in pain of sufficient severity, intensity or duration to be "disabling" in and of itself or to further limit his ability to engage in those activities consistent with a reduced range of sedentary work as described above, (sic) February 7, 1985. The record clearly documents that claimant's back pain is brought on by activity but treating specialists have concluded that the claimant could perform at least sedentary work. Moreover, a vocational expert has enumerated jobs which the claimant could perform within the limitations constituting a reduced range of sedentary work functions. Consequently, the undersigned concludes that the claimant was not under a "disability" as defined in the Social Security Act, before February 7, 1985.

(ST1 377).

Plaintiff contends that the ALJ's evaluation was improper because he failed to take plaintiff's subjective complaints into consideration and failed to express a reasonable basis for rejecting his testimony under the second alternate prong of the *Landry* standard.

The ALJ implicitly found that plaintiff met the threshold requirement of the pain standard due to his finding of degenerative disc disease and status-post multiple surgeries with a failed fusion. (ST1 377).

The ALJ rejected plaintiff's complaints of disabling pain because plaintiff's treating physicians found him capable of at least sedentary work. The ALJ thoroughly discussed plaintiff's testimony as well as the medical evidence in his decision. As he noted, both Drs. Callahan and Wasylik released plaintiff to light duty work although Dr. Wasylik expressed doubts about plaintiff's ultimate rehabilitation potential. Light duty work, as used by these physicians, is at least the equivalent of sedentary work. That at least two of plaintiff's treating physicians found him able to engage in non-strenuous work activity despite his physical impairment provides a substantial basis for rejecting plaintiff's allegations of totally disabling pain at least under the *Landry* standard.[4] *See e.g. Allen v. Sullivan,* 880 F.2d 1200, 1203 (11th Cir. 1989) (ALJ articulated at least three reasons); *compare e.g. Cannon v. Bowen,* 858 F.2d 1541, 1545 (11th Cir.1989) (failure to articulate any reason for discrediting plaintiff's complaints does not meet *Landry* standard).

■ B. Plaintiff's next contention is that the ALJ failed to consider pain as a non-exertional factor limiting the range of jobs plaintiff could perform.

This argument is also without merit. The ALJ specifically found plaintiff limited to sedentary work due to his back and neck impairment, including discomfort. The ALJ utilized a vocational expert at the hearing and asked the expert to assume, among other things, that plaintiff would

---

**4.** As noted, *infra,* the ALJ's finding of an onset date of February 7, 1985 is not supported by substantial evidence and a remand is required to consider whether the evidence supports an earlier onset date for plaintiff's disability, considering all of the evidence of record, including pre-February 7, 1985 evidence.

need to stand at least once an hour to relieve the pressure on his back. (ST2 436). These limitations were consistent with what the ALJ found to be plaintiff's residual functional capacity despite his impairments.

■ C. In evaluating plaintiff's psychological impairment, the ALJ stated:

As of February 7, 1985, however, evidence first establishes psychological problems which interfered with claimant's ability to concentrate, interact with others and persist at tasks. Considering these additional non-exertional limitations, claimant's occupational base would then be so significantly eroded that there would be no jobs existing in significant numbers which he could perform on a sustained basis.

(T 377).

The ALJ also noted that claimant has been diagnosed with a "psychophysiological disorder and secondary gain and an adjustment disorder with mixed emotional features due to persistent neck and back pain." (T 375).

Plaintiff contends that the Secretary arbitrarily chose February 7, 1985 as the onset date of plaintiff's mental impairment and ignored the evidence indicating that the psychological problems stem from plaintiff's longstanding physical impairments.

Plaintiff was evaluated by a psychologist, Dr. Alan Saunders, on February 7, 1985 and by a psychiatrist, Dr. James A. Fesler, on November 17, 1986. Dr. Fesler diagnosed "an adjustment disorder with mixed personality features due to persistent neck and back pain." (T 358). Dr. Saunders diagnosed a "psychophysiologic disorder" and "secondary gain, mostly psychological" (T 244). Dr. Saunders noted that plaintiff had chronic and fixed somatic and pain complaints and would be difficult to motivate and rehabilitate. (T 244). Neither Dr. Saunders or Dr. Fesler provided an onset date for plaintiff's psychological impairments.

Although the first diagnosis of plaintiff's mental impairment was not made until February 1985, as early as May 15, 1981, difficulties in functioning were noted by his treating physician, Dr. Sierra. Dr. Sierra noted that plaintiff's neck, shoulder and upper chest pain seemed to be affecting his personality and that he was apprehensive and tense. (T 172). In February 1982, Dr. Callahan noted that plaintiff was still having significant difficulty despite a long period of rehabilitation and was not able to work without significant discomfort or be active in any manner. (T 225). Dr. Wasylik, who began treating plaintiff in September 1983, stated that plaintiff had significant organic pathology and significant functional overlay which was not unreasonable given his condition. (T 263).

Dr. Fesler noted that plaintiff's pain results in increased tension and anxiety which is disruptive to his concentration and endurance. (T 361).

At the reopened hearing on November 2, 1988, plaintiff testified that the pain made it difficult to concentrate and made him depressed and caused problems with his memory. (ST2 411; 421).

The VE testified at the reopened hearing that if Dr. Fesler's findings and conclusions were accepted as true that there would be no jobs in the national economy which plaintiff could perform. The VE also testified that if plaintiff had significant deficits in concentration and memory that there would be no jobs which he could perform. (ST2 438).

Plaintiff cites Social Security Ruling (SSR) 83–20 [5] in support of his position that the Secretary must, in some circumstances, attempt to infer an onset date and utilize a medical advisor especially in a disability of non-traumatic origin. Here, although plaintiff's disabling psychological impairment was first diagnosed in February 1985, it was linked to his physical problems which arose some years earlier.

Although plaintiff asks this court to find that the onset date was February 1981 instead of February 1985, it is for the Secretary rather than the reviewing court to make this determination on the basis of the record. All that can be said at this point is

5. A copy of this ruling is attached to plaintiff's motion dated August 15, 1989 (Dkt. 32).

that the ALJ's failure to consider whether plaintiff's psychological impairment existed prior to February 1985 was error in light of SSR 83–20 and other authorities. *See generally, Pugh v. Bowen,* 870 F.2d 1271, 1274 (7th Cir.1989) (an ALJ is required to apply the analysis in SSR 83–20 in disability proceedings); *cf. Stark v. Weinberger,* 497 F.2d 1092, 1097 (7th Cir.1974) (diagnosis of a condition may properly be made even several years after its actual onset date).

A remand is required for consideration of the issue of whether plaintiff's psychological impairment existed prior to February 1985 and was disabling within the meaning of the Act when considered in light of plaintiff's other impairments.

### Conclusion

In view of the foregoing, it is respectfully RECOMMENDED:

(1) The decision of the Secretary be reversed and the case remanded for further proceedings consistent with the foregoing discussion.

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 USC 636(b)(1).