**David R. DEAN, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**No. 89–1351–CIV–T–17C.**

United States District Court, M.D. Florida, Tampa Division.

April 2, 1990.

Emily W. Lawyer, Tampa, Fla., for plaintiff.

Carl Douglas Thoresen, Asst. U.S. Atty., Tampa, Fla., for defendant.

### ORDER

KOVACHEVICH, District Judge.

THIS CAUSE came on for consideration upon the filing of a petition for review of the decision of the Secretary of Health and Human Services. This matter was considered by the Magistrate, pursuant to the general order of assignment, who has filed her report recommending that the decision of the Secretary denying benefits be reversed and the case remanded to the Secretary for further proceedings.

Upon consideration of the report and recommendation of the Magistrate, and upon the court's independent examination of the file, the Magistrate's report and recommendation is adopted and confirmed and made a part hereof.

Accordingly, it is ORDERED:

(1) The above styled cause is remanded to the Secretary for favorable action on plaintiff's application dated January 21, 1988.

(2) This court retains jurisdiction to determine any timely filed motion for attorney's fees filed by plaintiff and any such application is referred to the magistrate for a report and recommendation.

DONE and ORDERED.

## REPORT AND RECOMMENDATION

ELIZABETH A. JENKINS, United States Magistrate.

Plaintiff brings this action pursuant to the Social Security Act (the Act) as amended, Title 42, United States Code, Section 405(g) to obtain judicial review of a final decision of the Secretary of Health and Human Services denying a claim for disability insurance benefits and Supplemental Security Income under the Act.[1]

The undersigned has thoroughly reviewed the record consisting of a transcript of the proceedings before the Administrative Law Judge (ALJ) as well as the exhibits filed in the record and the pleadings and memoranda submitted by the parties. Oral argument has also been held.

In an action for judicial review, the reviewing court must affirm the decision of the Secretary if it is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion". *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983). If there is substantial evidence to support the Secretary's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Secretary. *Goodley v. Harris*, 608 F.2d 234, 236 (5th Cir.1979).

If an error of law was committed by the Secretary, the case must be remanded to the Secretary for application of the correct legal standard. *McDaniel v. Bowen*, 800 F.2d 1026, 1029–30 (11th Cir.1986); *Smith v. Heckler*, 707 F.2d 1284, 1285 (11th Cir. 1983). If the reviewing court is unable to determine from the ALJ's decision that the proper legal standards were applied, then a remand to the Secretary for clarification is required. *Jamison v. Bowen*, 814 F.2d 585 (11th Cir.1987).

I

Plaintiff, 34 years old at the time of the hearing before the administrative law judge (ALJ), has a high school equivalency degree and prior work experience washing dishes at a restaurant, driving a dump truck and working at a citrus processing plant and a gas station.[2] He alleges an onset of disability as of July 29, 1987 due to severe diabetes, ulcerated feet, blurred vision and fatigue.

The ALJ found that plaintiff had not engaged in any substantial gainful activity since July 29, 1987, and that he had diabetes, diabetic neuropathy, diabetic ulcers, poor vision and accompanying pain but that these impairments did not meet or equal those in the Listing of Impairments, 20 C.F.R., App. 1, Subpt. P, Reg. No. 4. The ALJ stated that plaintiff's testimony regarding his pain and functional limitations was overstated and that plaintiff had the residual functional capacity (RFC) to perform the physical exertional and non-exertional requirements of work except for prolonged walking, standing, lifting more than ten pounds and the non-exertional limitation of working in a job which required fine visual acuity. The ALJ also apparently found that plaintiff would require a job where he could alternate sitting and standing and keeping his feet elevated. The ALJ concluded that he was unable to perform his past relevant work but that he could perform work as a telephone solicitor, a job consistent with his RFC. The

---

1. This matter has been referred to the undersigned by the district court for consideration and a Report and Recommendation. See Local Rules 6.01(b) and 6.01(c), M.D.Fla.

2. The first hearing before the ALJ was held on April 14, 1987 (T 25–53). The second hearing was held on November 21, 1988, following a remand from the Appeals Council for consideration of vocational testimony. (T 54–112).

ALJ therefore denied plaintiff's claim for disability benefits. (T 13–19).

Plaintiff filed an appeal with the Appeals Council. The Appeals Council affirmed the decision of the ALJ denying disability but made additional findings. Among other things, the Appeals Council found that the job of telephone solicitor is semi-skilled and should not have been identified by the ALJ as a type of job that plaintiff could perform. The Appeals Council found, however, that the jobs of ticket seller and assembler, identified by the vocational expert, were unskilled jobs and did not exceed plaintiff's RFC as found by the ALJ (T 4–6).

Plaintiff contends that the decision of the Secretary is erroneous because (1) the Secretary failed to give proper weight to the opinions of plaintiff's treating physicians; (2) the Secretary failed to properly evaluate plaintiff's subjective complaints; (3) the Secretary failed to satisfy his burden of establishing other work that plaintiff can perform; and (4) the Secretary failed to evaluate evidence submitted after the administrative hearing that plaintiff was hospitalized due to unstable glucose levels and suspected osteomyelitis.

Additionally, plaintiff has filed a motion to remand for the consideration of new evidence consisting of hospitalization records for February, 1989.

## II

A. The pivotal issue in this case is whether the Secretary implicitly found that plaintiff would have to be limited to a job where he could alternately sit and stand and keep his feet elevated.

Plaintiff testified that he was told by his podiatrist, Dr. Baldwin, to soak his feet twice a day and keep his legs bandaged and elevated whenever possible. Dr. Baldwin also instructed plaintiff to stay off his feet as much as possible due to the ulcers on the soles of his feet which she has been treating. Plaintiff testified that it hurts him to be on his feet very much and that he has had three toes amputated due to problems with poor circulation and diabetic neuropathy (T 33–37).

Plaintiff testified that his glucose levels are unstable and that he has periods of fatigue sometimes as often as three or four times a week which last for one to two hours. When he experiences this fatigue, plaintiff sits down and rests in a reclining chair. (T 37–46).

The VE testified in response to a hypothetical posed by the ALJ that plaintiff would be unable to return to any of his former jobs. This finding is not disputed by the Secretary in this action. (T 76–77). The VE testified, however, that plaintiff could perform work as a small parts assembler, telephone solicitor, receptionist, dispatcher, ticket taker and cashier at a self-service gasoline station under certain circumstances. (T 78–80). The VE testified that the jobs of small parts assembly would not permit plaintiff to alternate periods of sitting and standing and walking. (T 80). The VE also testified that if plaintiff were required to elevate his legs frequently during the day that he would not be able to perform assembly work or a ticket taking job but that he would be limited to telephone solicitation. (T 91–92).

Although the Secretary's memorandum of law does not address the specific issue, counsel for the Secretary appeared to concede at oral argument that the ALJ found that plaintiff would have to be limited to a job where he could elevate his feet when needed. The Appeals Council did not make additional fact-finding on this issue. The jobs that the Appeals Council identified that plaintiff could perform—ticket taker and assembler—were not jobs identified by the VE which would permit plaintiff to elevate his feet. The jobs identified by the Appeals Council were beyond the plaintiff's RFC as determined by the ALJ. Thus, the decision of the Secretary denying benefits must be reversed because there is no substantial evidence to support the Secretary's findings that there are specific jobs in the national economy which plaintiff is capable of performing consistent with his RFC.

In view of the foregoing, it is not necessary to address the other points of error raised by plaintiff or the motion to remand.

It is therefore RECOMMENDED that:

(1) The decision of the Secretary denying plaintiff's application for disability benefits and supplemental security income be REVERSED and the case be remanded for favorable action on plaintiff's application dated January 21, 1988.

(2) That this court retain jurisdiction to determine any timely filed motion for attorney's fees filed by plaintiff and refer any such application to the magistrate for a report and recommendation.

Dated: March 19, 1990.

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).