**Digna CUEVAS o/b/o, Ariel JUARBE, Plaintiff,**

v.

**John H. CALLAHAN, Commissioner of Social Security Administration, Defendant.**

No. 96–1562–CIV–T–17–C.

United States District Court, M.D. Florida, Tampa Division.

June 30, 1998.

Michael Alan Steinberg, Michael A. Steinberg & Associates, Tampa, FL, for Plaintiff.

Steven A. Nisbet, U.S. Attorney's Office, M.D. of Florida, Tampa, FL, for Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

KOVACHEVICH, Chief Judge.

This cause is before the court on objections to report and recommendation (R & R). (Docket No. 16). This case was referred to the Magistrate Judge and a report and recommendation was issued, (Docket No. 15), to which the Plaintiff objects. The Plaintiff seeks judicial review of the Magistrate Judge's decision, that her daughter does not have a severe impairment, by arguing that such findings were not based on substantial evidence. (Docket No. 15). After reviewing the report and recommendation and findings in light of Plaintiff's objections, this Court adopts the Magistrate Judge's report and recommendation.

### Background

Plaintiff first applied for supplemental security income on May 4, 1992, on the behalf of her daughter, Ariel Juarbe, claiming disability due to asthma and allergies. (Ex. 9, p. 18). When her application was denied initially and upon reconsideration, Plaintiff refiled the claim on June 8, 1993. (Docket No. 15). Hearings were held on January 11, 1995 and on August 25, 1995. (Docket No. 15). The Administrative Law Judge (ALJ) determined that although Ms. Juarbe had asthma and allergies, she did not have a severe impairment. (Ex. 9, p. 19). On September 24, 1995, Plaintiff requested a review of the hearing decision, and the Appeals Council affirmed the ALJ's conclusions. (Ex. 9, p. 4). Plaintiff filed this action for judicial review of those findings and the Magistrate Judge George T. Swartz recommended affirming the decision on January 9, 1998. (Docket No. 15).

Plaintiff was born on December 12, 1991, and she was three years old at the time of the initial hearing. (Ex. 9, p. 40). Mrs. Cuevas alleged that her daughter has suffered from breathing attacks three times a month since birth, that she frequently develops colds, and starts wheezing. (Docket No. 15). Plaintiff's daughter was described as using a nebulizer treatment three times daily. (Ex. 9, p. 45). The medical record confirms that Ms. Juarbe is suffering from asthma, but it reflects a condition that appears to be well controlled. (Ex. 9, p. 19).

On July 10, 1992, Dr. Mauricio Cruz reported that Plaintiff's daughter was seen in the pulmonary clinic in St. Joseph's Hospital for follow-up reactive airway disease, and she was prescribed prelone (a corticosteroid) for a period of 5 days. (Docket No. 16). While Ariel appeared to be doing fairly well for

about two months, Dr. Cruz prescribed prelone for her once again for a period of 5 days when she displayed productive coughing and wheezing. (Docket No. 16). Dr. Cruz noted on January 22, 1993, that Ms. Juarbe's oxygen saturation was basically normal even during an attack of mild exacerbation. (Ex. 9, p. 19). Letters from St. Joseph's Hospital documented mild flare-ups on some dates, but on other dates Ms. Juarbe was described as "doing well" or "stable." (Ex. 9, p. 19). The Plaintiff's lungs were often clear, (Ex. 9, p. 19), and her doctors never recorded any stigmata of serious respiratory insufficiency epitomized through such symptoms as blue skin color, enlarged fingers, enlarged ankles, neck veins or chest. (Ex. 9, p. 20). No evidence portrays any extreme changes on x-ray, and ventilatory studies, or oximetry. (Ex. 9, p. 20).

While the above record demonstrates that Ms. Juarbe was seen on several occasions for a mild exacerbation of her asthma, no major intervention was necessary. (Docket No. 15). Mrs. Cuevas stated that her daughter was hospitalized once overnight on August 19, 1994, (Ex. 9, p. 48), but her child was discharged with her asthma under control. (Docket No. 16). While the last examination of Ms. Juarbe on record dated February 21, 1995, described treatment for runny nose and sneezing, only medical advice was noted. (Ex. 9, p. 20).

### STANDARD OF REVIEW

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). In this case, the scope of review is restricted to assessing whether the findings of the Secretary are supported by substantial evidence and whether proper legal standards were applied. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir.1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983). If there is substantial evidence to support the Commissioner's findings, this Court may not decide the facts anew or substitute its judgment as to the weight of the evidence of the Commissioner. *Goodley v. Harris*, 608 F.2d 234, 236 (5th Cir.1979).

When a party makes a timely objection to a R & R by a Magistrate Judge, the determination is subject to *de novo* review by the district court. *Gropp v. United Airlines, Inc.*, 817 F.Supp. 1558, 1561 (M.D.Fla.1993). However, portions of the R & R that are not objected to will be evaluated by the district court judge under a clearly erroneous standard of review. *Id.* at 1561–62.

### Review of Report and Recommendation

The Plaintiff brings forth one major objection to the Magistrate Judge's report and recommendation. In this objection, the Plaintiff alleges that the report and recommendation fails to recognize that the claimant's impairments closely approach listing 103.03(c) of the Social Security Regulations listings of impairments. 20 C.F.R. pt. 404, subpt. P, App. 1, pt. A, as amended at 62 Fed.Reg. 6408–6432. The Plaintiff cited Section 103.03(c) in support of her argument that her daughter suffers a severe impairment. (Docket No. 16).

Section 103.03(c) provides that claimant would satisfy this listing if she has "persistent low grade wheezing between acute attacks or absence of extended symptom free periods requiring day time and nocturnal use of sympathomimetic broncholdialators with one of the following:

1. . . . .

2. Short courses of coticosteroids that average more than 5 days per month for at least three months during a twelve-month period." 20 C.F.R. pt. 404, subpt. P, App. 1, pt. A, as amended at 62 Fed.Reg. 6408–6432.

In the Objection, the Plaintiff outlined the chronology of her daughter's treatment for asthma and allergies from July 10, 1992 to August 19, 1994. (Docket No. 16). This chronology established that Ms. Juarbe was frequently prescribed prelone, (a corticosteroid) for periods of 5 days or longer, and that she used a nebulizer for the purpose of releasing ventolin and intal 3 times per day. (Docket No. 16). The Plaintiff would like the Court to remand this cause with a finding that her daughter does have a severe impair-

ment based upon the reliance on a nebulizer and the corticosteroids. (Docket No. 16). In light of the evidence provided, this Court is unable to grant the Plaintiff's request for the following two reasons.

## Discussion

I. *The conclusions of the Administrative Law Judge and Magistrate Judge that Plaintiff was not severely impaired is based on substantial evidence.*

The Administrative Law Judge concluded that the medical evidence establishes that the Plaintiff has asthma and allergies. (Ex. 9, p. 19). He added that no severe impairment could be determined, and that Ms. Juarbe is not eligible for supplemental security income. (Ex. 9, p. 19). In reaching his decision the ALJ stopped his consideration of Plaintiff's claim at the second step of the determination process. (Docket No. 15). On August 22, 1996, the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Pub.L. No. 104–193, 110 Stat. 2105 (1996), amended section 1614(a)(3) of the Social Security Act, 42 U.S.C. 1382c(a)(3), and changed the statutory definition for individuals under the age of eighteen involved in the Supplemental Security Income (SSI) program. (Docket No. 15). The welfare act tightened the childhood disability requirement by making it more difficult for children to show that they are disabled. Before the welfare act's enactment, a child was deemed disabled if he or she "suffered from any medically determinable physical or mental impairment of comparable severity" to an impairment that would disable an adult. 42 U.S.C. § 1382c(a)(3)(A)(superseded as of Aug. 22, 1996).

On February 11, 1997, SSA published interim final rules implementing the childhood disability provisions of sections 211 and 212 of Pub.L. No. 104–193. To be found disabled under these rules, the new definition requires that children have physical or mental impairments causing "marked and severe functional limitations" meaning that the claimant's "impairment or combination of impairments must meet, or medically equal or functionally equal, the severity of a listed impairment." 62 Fed.Reg. 6408, 6410 (1997). SSA interprets the new standard to permit the denial of claims that were already evaluated under the prior standard and would have been de-

nied under that standard. In Social Security Administration Emergency Teletype No. EM–96–131 § III(A)(5) (Aug. 29, 1996), it is specifically stated that "[a]ny case that would have been denied under the prior standard would also be denied under the new standard." (Docket No. 15). Thus, if it can be determined that the Commissioner's decision was based on substantial evidence, a remand for redetermination under the new standard would be unnecessary.

The ALJ stopped his consideration of the Plaintiff's claim at the second step of the process because he found that Plaintiff did not suffer from a severe impairment. (Ex. 9, p. 19). An impairment is not severe if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience. *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir.1986). The medical record supports the ALJ's determination that Plaintiff did not suffer from a severe impairment. This record demonstrated that during a majority of Ms. Juarbe's history of treatment for asthma and allergies, Plaintiff's condition was described as predominantly stable and manageable. (Ex. 9, p. 19). The mild flare-ups that were evidenced in the medical record do not appear to interfere with Plaintiff's ability to develop cognitively, socially, or on a personal level.

The Magistrate Judge affirmed the ALJ's findings by stating that Plaintiff never received any major intervention such as intubation or cortisone injections. (Docket No. 15). He supported the ALJ's conclusion that no evidence on the record illustrated any extreme changes on x-ray and ventilatory studies, or oximetry. (Docket No. 15). It appears that based upon the medical record presented that substantial evidence supports the findings of both judges.

II. *Plaintiff's request that this Court overlook the findings of the ALJ and the Magistrate Judge to consider listing 103.03(c) of the Social Security Regulations listings of impairments is without merit.*

Plaintiff would like this Court to consider evidence that it presented in its Objection

that shows Ms. Juarbe's ailments mirroring the impairments listed in 103.03(C) of the Social Security Regulations listings of impairments. (Docket No. 16). It is not the proper role of this Court to consider such evidence when the findings of both the ALJ and the Magistrate Judge are based upon substantial evidence. *Goodley,* 608 F.2d at 236. The ALJ and Magistrate Judge each concluded that Ms. Juarbe did not suffer from a severe impairment, (Docket No. 15), and this finding caused the evaluation of the record to end at the second step of the sequential evaluation process.

■ Plaintiff urges the Court to reassess the evidence on record by considering the listing of impairments that coincide with step three of the sequential evaluation process. In *Martin v. Sullivan,* the Court stated that the Commissioner's factual findings are conclusive if supported by substantial evidence. 894 F.2d 1520, 1529 (11th Cir.1990). It is not the position of this Court to reweigh the evidence or substitute its judgment for that of the Commissioner, even if it finds that the evidence preponderates against the Commissioner's decision. *Id.* at 1529. Reconsidering Section 103.03(c) of the Social Security Administration Regulations would force this Court to assume an improper role. This Court may not disturb the credibility of the ALJ's findings if such conclusions are clearly articulated on substantial evidence. *See Foote v. Chater,* 67 F.3d 1553, 1562 (11th Cir.1995).

### Conclusion

This Court adopts the findings of the Magistrate Judge concerning the proper legal standards applied by the ALJ when determining that Plaintiff does not suffer from a severe impairment. The conclusion of the ALJ and the Appeals Council to ignore the evidence regarding Section 103.03(c) appears to be warranted. The ALJ's decision was based on substantial evidence. Plaintiff's argument that this Court consider Section 103.03(c) was without merit. As to portions of the R & R not objected to by the Plaintiff, this Court finds no clear error. Accordingly, it is

**ORDERED** that the report and recommendation, dated January 9, 1998, be ADOPTED and incorporated by reference;

the objections of the Plaintiff be OVERRULED; and the Clerk of Court be directed to enter judgment in accordance with this order.